UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:      USDC SDNY
ROBYN ABRAHAM, :      DOCUMENT
:      ELECTRONICALLY FILED
                               Plaintiff, :      DOC #: _____
:      DATE FILED: July 30, 2018
                        v. :
:
ABBY LEIGH as Executrix of the ESTATE :      17 Civ. 5429 (KPF)
OF MITCH LEIGH, MARTHA WASSERMAN :
as Executrix of the ESTATE OF DALE :      ORDER
WASSERMAN, and ALAN HONIG, :
:
                              Defendants. :
-------------------------------------------------------- X

KATHERINE POLK FAILLA, District Judge:

        The Court is in receipt of Defendant Honig's and Defendant Wasserman's motions for reconsideration (Dkt. #67-70); Plaintiff's opposition thereto (Dkt. #77); and Honig's and Wasserman's reply papers (Dkt. #80). The Court has carefully reviewed the parties' submissions and is not persuaded that it overlooked controlling legal authority or factual data that would change its decision. These motions are, accordingly, denied.

        Motions for reconsideration are to be denied except where "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). A motion for reconsideration is, of course, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Honig's principal basis for reconsideration is that the Court did not adopt his argument — raised in his moving brief (Dkt. #44 at 20-22) — that Plaintiff's fraudulent inducement claim was rendered implausible by certain admissions in Plaintiff's initial pleading. (*See* Dkt. #70 ("Honig Br.") at 4-7). While the Court did not discuss this particular argument in its oral decision, it considered the argument in its review of the parties' submissions and found it unpersuasive. The Court acknowledged in its ruling that the parties contested the fact of Honig's power of attorney (Dkt. #78 at 27:24-28:2), but found that Plaintiff's claim survived nonetheless.

In brief, Honig seizes on a discrepancy between Plaintiff's Complaint and Amended Complaint: Plaintiff alleged in the initial Complaint that Mitch Leigh told her he had a power of attorney over Hellen Darion's vote and Joseph Darion's business rights, that the power of attorney dated back to 1991, that the power of attorney was signed by Hellen Darion, and that Honig confirmed he had the original at his office. (Honig Br. 4 (citing Dkt. #1 at ¶¶ 24, 38-39)). Subsequently, Plaintiff alleged in the Amended Complaint that Mitch Leigh told

2

her he held a power of attorney over Hellen Darion's voting and business rights and that Honig confirmed he had the original in his office; Plaintiff removed the allegation that the power of attorney was dated in 1991, a time at which Ms. Darion had no voting rights in *Man of La Mancha*. (Dkt. # 41 at ¶¶ 38-39; Honig Br. 4-5). To be sure, the discrepancy in these allegations casts some doubt on Plaintiff's claim, but the Court did not find that it rendered the claim legally insufficient. The gravamen of Plaintiff's fraudulent inducement claim is that she was told that Mitch Leigh retained a power of attorney over the Darion vote — as the Court noted in its decision, it remains to be seen whether any such power of attorney existed. Honig's point about the discrepancy is well-taken, but at this early stage of the litigation the Court finds that Plaintiff's allegations are sufficiently pleaded to withstand a motion to dismiss.

Fatal to Wasserman's motion for reconsideration, by contrast, is her failure to file a brief advancing any arguments on her own behalf in support of her motion to dismiss. Moreover, the Court did not construe Plaintiff's promissory estoppel claim to be as narrow as Wasserman now defines it, and agrees with Plaintiff that it is, at this stage of the litigation, bound to construe Plaintiff's pleadings liberally and take all of her well-pleaded allegations to be true. (*See* Dkt. #77 ("Pl. Opp.") at 5-6 (citing *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). Wasserman argues now that her one-sentence brief (*see* Dkt. #53) incorporated by reference the arguments made by other Defendants, and that those arguments should have been construed to merit dismissal of Plaintiff's claims against her. (Dkt. #80 ("Def. Reply") at 3-4).

However, the Court did not and does not find the arguments advanced by other parties to be persuasive as to Wasserman. (*See* Dkt. #44 at 22-24). And in any event, Wasserman was not *pro se* — she was represented by counsel who made a strategic decision not to file a memorandum of law in support of her motion. The Court was thus not bound to construe liberally submissions made on behalf of other parties in order to generate arguments that Wasserman's counsel strategically elected not to make.

For the foregoing reasons, Defendants Honig's and Wasserman's motions for reconsideration are DENIED. The Clerk of Court is directed to terminate the motions at Docket Entries 67 and 69. The Court will consider separately the proposed Case Management Plan submitted by the parties.

SO ORDERED.

Dated: July 30, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge