# Exhibit 34



Ira S. Sacks

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103

D: 212 880 3827
T: 212 880 3800
F: 212 880 8965
C: 917 767 7147
ira.sacks@akerman.com

November 30, 2018

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:    *Abraham v. Leigh, et al; No. 1:17-cv-05429*

Dear Judge Failla:

As the Court knows, we represent Defendants Martha Wasserman, as Executrix of the Estate of Dale Wasserman ("Wasserman") and Alan Honig ("Honig") in the above-referenced action.  We write pursuant to Rule 37 of the Federal Rules of Civil Procedure, Rule 37.2 of the Local Rules for the Southern and Eastern Districts of New York and Section 3(C) of Your Honor's Individual Rules to request an informal conference to address the outstanding discovery issues that remain between Defendants Wasserman and Honig, and Plaintiff Robyn Abraham ("Abraham").

Following the Status Conference held on November 19, 2018, and in accordance with the Court's directive, I exchanged several discovery deficiency letters and emails with Abraham's counsel, attached hereto. *See* Exs. 10-13. However, for the reasons that follow, the meet-and-confer process did not resolve the remaining outstanding issues:

1.   Fraudulent Documents and Spoliation

We have serious concerns about the preservation and authenticity of Plaintiff's ESI.  On November 20, 2018, Plaintiff made a fifth production of documents containing 1,243 documents (the "Fifth Production"). Of the 1,243 newly produced documents, a mere 484 are email "file types" (that is, retrieved in native email format, in metadata parlance) containing full metadata, including a contemporaneous email sent date.  The remaining 759 documents produced are non-email file types (mainly PDFs), even if most of the documents are, in form, emails.

Of the non-email file types in the Fifth Production, at least four of them have indicia of fraud: Documents ABR003111 (*see* Exhibit 1), ABR006609 (*see* Exhibit 2), ABR006610 (*see* Exhibit 3) and ABR002853 (*see* Exhibit 4).  These documents purport to be emails or email chains dated January 10, 2014, January 20, 2014, February 28, 2014 and January 7, 2014, respectively. Despite that, the metadata indicates that the PDF copies of these emails came from folders with Master Dates of February 8, 2016, December 1, 2016, December 1, 2016 and January 16, 2016, respectively, not contemporaneous with the respective dates of the emails.  No copies of the emails were produced with metadata showing the email sent date. No copies of the emails were produced by any other party.

There are several indicia of fraud. By way of example, the emails are upside-down: that is, in an email chain, the top email is the latest email, not the earliest.  Instead, here, the responsive

Honorable Katherine Polk Failla
November 30, 2018
Page 2

email in Exhibit 1 (communication on 1/10/14 at 11:58 a.m.) is the bottom communication in the chain and the original email (communication on 1/10/14 at 10:21 a.m.) is on top. The same goes for Exhibit 3. Additionally, Abraham's emails in "email file type" contain the designation "R. Abraham" or R. Abraham (that is, with or without quotations) in the To or From fields; in these alleged emails, however, there is no opening quotation mark before the letter R in Abraham's name for the top email in each of Exhibits 1-3.

Exhibit 4 (ABR002853) has no indicia of fraud on its face, but (as noted above) has a Master Date of January 16, 2016 for a January 7, 2014 alleged email.  That alleged email is inconsistent with another document in the Fifth Production (ABR001251, attached hereto as part of Exhibit 4), which was produced as an "email file type", with a contemporaneous email sent date and contemporaneous Master Date.  Both emails have the same from, to, date and time (adjusted for time zones) and "re" line.  But ABR002853 adds the following to the text of ABR001251: "How did your meeting go with Mitch? Will he agree to what we talked about on the QM2? Since Howard Panter asked for too much, I hope you listened to me and also didn't mention your concert idea. It doesn't matter if you're right. Mitch controls everything about MOLM."

There are other documents in Plaintiff's Fifth Production that appear to be emails, but were only produced in PDF form, and not in an "email file type." Those documents were produced without metadata showing the email sent date, and no copies of the emails were produced by any other party.  For example, ABR003109 (*see* Exhibit 5) and ABR003110 (*see* Exhibit 6) purport to be emails dated September 23 and September 27, 2013, but the metadata indicates that the PDF copies of these emails came from folders with a Master Date of February 8, 2016, not contemporaneous with the date of the emails. Importantly, ABR003110 (Ex. 6) was attached to Plaintiff's First Amended Complaint as Exhibit 2 and was relied upon by the Court in determining the plausibility of the promissory estoppel claim against Wasserman. Plaintiff's Fifth Production reveals that such documents were not retained in their original email format by Plaintiff, and were not produced in "email file type."  That suggests spoliation.

Respectfully, we request permission to forensically examine Abraham's computer and email accounts, and the original emails to Abraham's attorneys and/or other third parties that contained these documents as attachments, to determine whether and to what extent there was fraud and/or spoliation.[1]

2.   Failure to Collect and Produce Documentation Substantiating Damages

Plaintiff has failed to maintain possession of and produce documents substantiating her "expense" damages in this case. On July 11, 2014, a letter sent on Schillings letterhead on behalf of Robyn Abraham was sent to Abby Leigh, in her capacity as Executor of Mitch Leigh's Estate via Cozen O'Connor (the "Schillings Letter"). As a result, as of that date, Abraham was obligated to preserve all documents and ESI related to her claims. In addition, on November 20, 2014,

---

[1] Plaintiff's counsel responded to our November 20, 2018 deficiency letter at 4:40 P.M. on November 30, 2018. They indicated that sometime in 2015 or thereafter "there was a godaddy server crash and some emails on the server may have been lost, although there is no way to determine which emails were lost if any." *See* Ex. 13, p. 4. To the extent the Court does not find spoliation, we respectfully request permission to seek preclusion with respect to documents produced by Plaintiff that appear to be emails but were not produced in "email file type."

Honorable Katherine Polk Failla
November 30, 2018
Page 3

Abraham asserted a claim against the Estate of Mitch Leigh in the amount of over $1.2 million. [2]
Similarly, in this action, Abraham claims that she has been damaged by "expend[ing] personal
savings in the amount of $1,261,388.00" Amended Complaint, ¶ 50. Despite that, Plaintiff has
refused to answer interrogatories, served on October 2, 2018, and refused to produce documents
in response to document requests, served on September 7, 2018, seeking information and
documents detailing the categories of expenses and providing an evidentiary basis for the claim –
such as airline ticket receipts, hotel bills, and the like.

Interestingly, Plaintiff's Fifth Production contains three inconsistent summaries of costs
and fees purportedly incurred by Plaintiff. *See* ABR001937-39 (Exhibit 7); ABR001961 (Exhibit
8); and ABR003162-63 (Exhibit 9). However, nowhere in the production are documents consisting
of receipts, invoices, purchase orders and/or other proofs of the costs and charges incurred in a
form admissible in evidence.

Plaintiff had an obligation to retain such documents. Instead, on November 28, 2018, we
were told by Plaintiff's counsel that they are "in the process of obtaining documentation of Ms.
Abraham's costs and fees from various sources, including Ms. Abraham's former attorney." *See*
Ex. 12, p. 3. With one exception mentioned in the next paragraph, Abraham's counsel gave no
indication as to when they will provide such documentation, who the "various sources" are and
gave no explanation as to why Abraham is not in possession of the original documentation.

Part of the "process" is a November 28, 2018 subpoena served by Plaintiff to obtain
documents from Herbert E. Nass, Esq., the name partner of the firm that filed Plaintiff's claim
against the Estate of Mitch Leigh in 2014. There is no legitimate reason why Plaintiff did not (i)
retain copies of all documents supporting her expenses; (ii) gather all such documents back in mid-
2017 when she filed this case; or (iii) previously retrieve documents from her former counsel.
There is also no explanation of what is being done to collect documents from the other "various
sources." Respectfully, we request permission to file a preclusion motion.

### 3.  Failure to Retain and/or Disclose Contact Information for Marlene Rue

Marlene Rue was Robyn Abraham's executive assistant and was employed by her as late
as February 2015. As a result, Plaintiff should be in possession of, for example, W-2 or 1099
forms submitted in early 2016, as well as personal contact information, such as an address and cell
phone. Mysteriously, Plaintiff's counsel has indicated that Abraham has no contact information
for Ms. Rue, except her last known email address: marlenerue478@yahoo.com. That makes no
sense. Plaintiff should be required to provide such information.

### 4.  Unsworn Interrogatory Responses

Plaintiff's Amended Objections and Responses to Honig's First Set of Interrogatories and
Plaintiff's Amended Objections and Responses to Wasserman's First Set of Interrogatories are
neither sworn to nor signed by Plaintiff, the responding party, as required by Rule 33(b)(3), (5).
Despite several requests, to date, Plaintiff has failed to provide Robyn Abraham's verification.

---

[2] That Arnold & Porter did not begin representing Ms. Abraham until the spring of 2017 is irrelevant. At
the very least, at the time Abraham retained the firm of Herbert E. Nass to bring claims against the Estate
of Mitch Leigh, she was obligated to preserve all documents and ESI related to her claims.

Honorable Katherine Polk Failla
November 30, 2018
Page 4
_____

We thank the Court for its attention to these matters.

Respectfully,

*s/ Ira S. Sacks*

Ira S. Sacks

cc: All Counsel (By email)