UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ROBYN ABRAHAM
Plaintiff

v.                                                                                              1-17—cv-05429 (KPF)

ABBY LEIGH, *et al.*
Defendants

_____

### NOTICE OF MOTION TO ENFORCE A SETTLEMENT

      PLEASE TAKE NOTICE that the undersigned firm of Wiss & Partners LLP by Colleen Ni Chairmhaic, Of Counsel, respectfully moves this Court, before the Honorable Katherine Polk Failla, United States Judge for the Southern District of New York, on a date and time to be set by the Court, for an Order to enforce the Settlement Agreement reached in court on October 7, 2019. In support, Wiss & Partners LLP submits a Memorandum and Declaration by Colleen Ni Chairmhaic dated October 15, 2019, which is being filed contemporaneously with this motion.

Dated: New York, NY
       October 15, 2019

*[signature]*
_____
Colleen Ni Chairmhaic, Esq., Of Counsel
Wiss & Partners LLP
800 17th Street NW
Washington DC 20006
Direct Line: 917-439-0836
E-mail attorneycolleenkerwick@aol.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

ROBYN ABRAHAM
Plaintiff
v.                                                                                          1-17—cv-05429 (KPF)

ABBY LEIGH, *et al.*
Defendants

_____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE

Colleen Ni Chairmhaic, Of Counsel to Wiss & Partners LLP ("Wiss & Partners") hereby submits this memorandum of law in support of its Motion to Enforce the Settlement Agreement reached in court on October 7, 2019.

## FACTUAL BACKGROUND

Plaintiff packaged a deal in which Wiss & Partners agreed to represent Plaintiff on contingency, in which Wiss & Partners would pay an upfront retainer to the undersigned, enter into an Of Counsel Agreement with her and pay her at a rate of $150 per hour, after Plaintiff's attempts to secure contingency representation elsewhere had failed and I declined to represent her. Plaintiff was acquainted with Marcia Wiss for many years, in the latter's capacity as a professor at Georgetown University Law school and an active member of the Georgetown alumni community. Plaintiff was acquainted with me for several months, in my capacity as an advocate for shared parenting and general counsel of the FCLU[1]. The deal

---

[1] On July 8, 2019 Plaintiff was asked to represent an indigent Mother for a Court Hearing in Florida. Plaintiff required an advance retainer of $35,000.00 plus first class airfare for her exceptional litigation services. Upon information and belief, Plaintiff has not represented anyone in our network to date.

2

Plaintiff brokered for representation was memorialized via a contemporaneous email on July 9, 2019 (**Exhibit A**).

On July 10, 2019, I entered a Notice of Appearance for Plaintiff as Of Counsel to Wiss & Partners. The day to day representation of Plaintiff proceeded through a deposition under oral examination of Plaintiff and objections to two dispositive motions for sanctions. Wiss & Partners analyzed and amended all pleadings and the Wiss & Partners brand name appeared on all pleadings filed with the Honorable Court See *ECF Doc 261; ECF Doc 265; ECF Doc 273; ECF Doc 274; ECF Doc 290, ECF Doc 291; ECF Doc 311 and ECF Doc 315*. It is respectfully submitted that Plaintiff was aware of and approved the engagement agreement, took actions under the agreement and has reaped the benefits of the agreement. There was objective evidence that Plaintiff had agreed to be bound by its terms. *Kimm v. Kyu Sung Cho 706 Fed. Appx. 1 (2nd Cir. 2017).*

When the action was being settled with two of the Defendants, Plaintiff claimed that Wiss & Partners had loaned Plaintiff money to pay me the initial retainer I had received on July 10, 2019 and that I was Plaintiff's only attorney. Wiss & Partners claimed the initial retainer paid to me was one of its administrative expenses related to its contingency representation of Plaintiff , similar to its obligation to pay salary to its associates and compensation to its partners. As I became a witness against my own client, I moved to withdraw for ethical and financial reasons moving forward, See *ECF Doc 337*. As the dispute continues, the undersigned is not being paid by anyone pending resolution.

## THE SETTLEMENT AGREEMENT

All parties and their counsel appeared in court and resolved the dispute on October 7, 2019. The undersigned brokered the resolution, which provided in pertinent part as follows:

1. Plaintiff to pay outstanding invoices to Hudson Reporting of $15,502.85 incurred when prior counsel was representing Plaintiff early in 2019, which was to be removed from the settlement prior to the contingency calculation[2]

2. Wiss & Partners to be paid contingency attorney fees of 30% of the settlement secured from Defendants Wasserman and Honig, instead of 33.3% as memorialized on July 9, 2019 for pre-trial representation to settle the case as to Defendants Wasserman and Honig. There was a subsequent contingency letter signed by Marcia Wiss dated September 2, 2019 for Trial Representation at 40%.

3. Wiss & Partners to deduct $10,000.00 from those contingency fees in consideration of a peace clause from Plaintiff upon the conclusion of representation. Wiss & Partners did not want Plaintiff to continue her harassment of its attorneys or of counsels. This included any bar grievances, malpractice actions, emails and media campaigns Plaintiff may launch, with Marcia Wiss stating "I never want to see [Plaintiff's] face again" (sic).

4. Wiss & Partners to pay the undersigned local counsel's balance (currently $4,834.00).

5. Plaintiff to pay Rachel Atkins of Schillings in London for depositions on October 28, 2019 and October 29, 2019[3].

6. Wiss & Partners, through local counsel, to provide limited ongoing

---

[2] Marcia Wiss agreed to this although under the contingency engagement letter Plaintiff was responsible for all expenses and this expense was incurred prior to Wiss & Partners' representation of Plaintiff.
[3] Rachel Atkins rate is £4,550 (USD$5,791.90) per seven (7) hour day.

4

representation to Plaintiff for the October 22, 2019 Motion for Sanctions and Pre-Trial Conference and the October 28, 2019 and October 29, 2019 Depositions. Representation is contingent on Plaintiff refraining from harassing, threatening and adversarial behavior, including, but not limited to, sending abusive emails and threatening bar grievances against anyone at Wiss & Partners.

7. Counsel for settling defendants Wasserman and Honig (Mr. Ira Sacks) to issue two checks each to Plaintiff and Wiss & Partners, respectively, *in lieu of* the settlement check being deposited with the court registry for the fair and equitable distribution of settlement funds therefrom (see Doc #316; Doc#322).

8. Wiss & Partners to exert no retaining or charging lien in Plaintiff's action against the remaining Defendant Leigh.

The aforementioned terms of the oral agreement were discussed in detail and I communicated with both parties on the evening of October 7, 2019 while on trains home. As Plaintiff was in Synagogue to prepare for Yom Kippur after 2pm on October 8, 2019 and she instructed me not to communicate with her prior to sundown October 9, I circulated the bullet points of the agreement after sundown on October 9, 2019 (**See Exhibit B**). Wiss & Partners memorialized the agreement in writing on October 9, 2019. Plaintiff requested that the undersigned be added as a signatory to that agreement and for the agreement to be signed by both Marcia Wiss and the undersigned for her countersignature on October 10, 2019. Marcia Wiss and I signed the agreement, however Plaintiff has not done so. Plaintiff then accepted the two settlement checks and deposited her portion of the settlement checks in accordance with the terms of the agreement on October 11, 2019.

## **LEGAL STANDARD**

As there is no material difference between the applicable state law or federal common law standard, that question need not be decided. *See Bowden v. United States,* 106 F.3d 433, 439 (D.C.Cir.1997); *Davidson Pipe Co. v. Laventhol & Horwath,* Nos. 84 Civ. 5192(LBS), 84 Civ. 6334(LBS), 1986 WL 2201 (S.D.N.Y. Feb. 11, 1986).

New York relies on settled common law contract principles to determine when parties to a litigation intend to form a binding agreement. *See Winston v. Mediafare Entertainment Corp.,* 777 F.2d 78, 80–81 (2d Cir.1985)("Winston"); *see also Jim Bouton Corp. v. William Wrigley Jr. Co.,* 902 F.2d 1074, 1081 (2d Cir.1990). Under New York law, parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement.

## **THE ORAL CONTRACT IS BINDING**

This Honorable Court articulated four factors, outlined in Winston, to guide the inquiry regarding whether parties intended to be bound by a settlement agreement in the absence of a document executed by both sides during the October 11, 2019 telephonic conference. The factors provide in pertinent part as follows:

(1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing;

(2) whether there has been partial performance of the contract;

(3) whether all of the terms of the alleged contract have been agreed upon; and

(4) whether the agreement at issue is the type of contract that is usually committed to writing.

**1) No Reservation of Rights**

There was no indication in the proposed settlement agreement that the parties did not intend to bind themselves until the settlement had been signed or reviewed by counsel. The intention of the parties on this issue is a question of fact, to be determined by examination of the totality of the circumstances.

The parties and counsel herein advised the Honorable Court that an agreement had been reached in court and on the record on October 7, 2019; the parties and counsel proceeded to argue another motion as though the agreement was reached on October 7, 2019 as represented to the Honorable Court; the parties and counsel requested defense counsel to cut checks in sums certain as though an agreement was reached on October 7, 2019; the terms of the oral agreement were circulated on October 9, 2019 and Plaintiff asked Wiss & Partners and the undersigned to sign the fleshed out agreement on October 10, 2019. Moreover, Plaintiff picked up the checks pursuant to the terms of the agreement on October 11, 2019 and deposited them.

It is respectfully submitted that the clearly expressed intention of the parties was that there was an agreement and it was not subject to any further negotiation or renegotiation. The parties merely stated that they would memorialize the terms of the agreement in writing. This is particularly so where, as here, there was no known alternative or outside counsel willing to work with Plaintiff as of October 7, 2019. Mark Rifkin's renewed interest in Plaintiff as a potential client was disclosed for the first time on October 10, 2019.

**2) Partial Performance**

A second factor for consideration is whether one party has partially performed under the oral agreement, and that performance has been accepted by the party disclaiming the

7

existence of an agreement. Specifically, counsel proceeded to argue another motion as though the agreement was reached on October 7, 2019 and that service was accepted by Plaintiff; the parties and counsel requested defense counsel to cut checks in sums certain as though an agreement was reached on October 7, 2019 and Plaintiff picked up the checks pursuant to the terms of the agreement on October 11, 2019 and deposited them for her benefit. It is submitted that there has been partial performance of the agreement by Wiss & Partners, which has been accepted by Plaintiff.

**3) Terms Remaining to be Negotiated**

Plaintiff and counsel had agreed on all material terms on October 7, 2019. However, the execution copy of the settlement agreement substantially fleshed out details with respect to Marcia Wiss's offer to Plaintiff to reduce the amount owed to Wiss & Partners by $10,000.00 to "never see [Plaintiff's] face again" in case Plaintiff began filing any lawsuits or grievances or media reports against Wiss & Partners or anyone affiliated with Wiss & Partners as Plaintiff had reportedly done to others as well as to Wiss & Partners, as she reportedly had filed bar grievances in New York and Washington, D.C. against Marcia Wiss. Plaintiff accepted that offer and Wiss & Partners' contingency fee was accordingly reduced by $10,000.00. While Plaintiff later claimed that it was unethical for Wiss & Partners to offer her $10,000.00 for a release of liability, Plaintiff had accepted the $10,000.00, checks were cut in consideration of that additional $10,000.00 for Plaintiff and Plaintiff deposited checks which included that $10,000.00. No other terms of the agreement were challenged.

It is now submitted, however, that Plaintiff violated the sixth term of the agreement by continuing to engage in adversarial behavior, warranting a renewal of the Motion to Withdraw. Wiss & Partners and the undersigned do not believe we can represent Plaintiff

moving forward.

**4. Type of Agreement That Is Usually Reduced to a Writing**

Settlements of any claim are generally in writing or, at a minimum, made on the record in open court.  This is a settlement between a law firm and its client of a contingency fee agreement which had already been agreed to by the law firm and client and was merely being renegotiated down at Plaintiff's insistence and in Plaintiff's favor.

**WHEREFORE** it is respectfully requested that the Honorable Court enforce the oral agreement entered into on October 7, 2019.

Dated: New York, NY

      October 15, 2019

_____
Colleen Ni Chairmhaic, Esq., Of Counsel
Wiss & Partners LLP
800 17th Street NW
Washington DC
Direct Line: 917-439-0836
E-mail attorneycolleenkerwick@aol.com

# EXHIBIT A

> On May 17, 2019, at 10:44 AM, "kalmykovk@gtlaw.com" <kalmykovk@gtlaw.com> wrote:
>
> Hi Marcia
>
> I will call this afternoon.
>
> Best
>
> Kate
>
> Sent from my iPhone
>
>> On May 17, 2019, at 10:26 AM, Marcia Wiss <marcia.wiss@wisspartners.com> wrote:
>>
>> Kate:
>>
>> The purpose of my call to your cell phone on Wednesday was to ask if you would like to act as local counsel on this litigation.  Both Lara and Fadia are members of the NY bar, but Wiss & Partners does not have a NY office and I think if we take this on we would need one.
>>
>> I think you will see from my email to Carolyn Lamm the basic situation with the caveat that since asking her if White & Case would take on the entire litigation, I have decided we should take it on if we have local counsel.  It is a contingency matter in which A & P, which withdrew from the case, has no attorney's lien.  We would expect to negotiate a 1/3 contingency for Wiss & Partners and pay an agreed contingency amount to Greenberg for local counsel services.  Please call me so we can discuss.
>>
>> Marcia
>>
>> Marcia Wiss
>> Managing Partner
>> Wiss & Partners LLP
>> 202-558-5530 (direct)
>> 202-213-2752 (cell)
>> 800 17th St., NW
>> Washington, DC   20006
>>
>> NOTICE: This message and its contents are intended only for the personal and confidential use of the designated recipient(s). This message and its contents may be attorney-client communication and/or work product and as such are privileged and confidential. If you are not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution, or copying thereof or reliance thereon is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail, and delete the original message. Thank you.

**From:** attorneycolleenkerwick@aol.com <attorneycolleenkerwick@aol.com>
**Sent:** Tuesday, July 9, 2019 3:35 PM
**To:** Marcia Wiss <marcia.wiss@wisspartners.com>
**Cc:** robyn.abraham@gmail.com
**Subject:** Re: Follow Up


Dear Marcia:

My mailing address is:

Attorney Colleen Kerwick
1748-1 Farmington Avenue
Unionville, Connecticut 06085

Upon receipt, I will electronically file a Notice of Appearance of counsel to your lawfirm.

I understand that your office will have a contingency retainer with Robyn and an of counsel agreement for me.

Thanks again,

Colleen

-----Original Message-----
From: Marcia Wiss <marcia.wiss@wisspartners.com>
To: attorneycolleenkerwick@aol.com <attorneycolleenkerwick@aol.com>
Cc: Robyn Abraham <robyn.abraham@gmail.com>
Sent: Tue, Jul 9, 2019 3:17 pm
Subject: RE: Follow Up

Colleen:

What email should I use for the check?

Marcia

Marcia Wiss
Managing Partner
Wiss & Partners LLP
202-558-5530 (direct)
202-213-2752 (cell)
800 17th St., NW
Washington, DC   20006

NOTICE: This message and its contents are intended only for the personal and confidential use of the designated recipient(s). This message and its contents may be attorney-client

communication and/or work product and as such are privileged and confidential. If you are not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution, or copying thereof or reliance thereon is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail, and delete the original message. Thank you.


**From:** Robyn Abraham <robyn.abraham@gmail.com>
**Sent:** Tuesday, July 9, 2019 3:14 PM
**To:** Marcia Wiss <marcia.wiss@wisspartners.com>; attorneycolleenkerwick@aol.com
**Subject:** Fwd: Follow Up

Marcia and Colleen:

Thanks again for your gracious professional assistance. I am most appreciative.

[redacted]

With Gratitude
Robyn

Sent from my iPhone


-----Original Message-----
From: attorneycolleenkerwick <attorneycolleenkerwick@aol.com>
To: robyn.abraham <robyn.abraham@gmail.com>; marcia.wiss <marcia.wiss@wisspartners.com>
Sent: Fri, Jul 5, 2019 2:36 pm
Subject: Re: Court Ruling re: Limited Notice of Appearance re: Deposition

Hi Robyn:

When I wrote to the court in amicus curiae opposition to your prior counsel's motion to withdraw (in my capacity as general counsel of the FCLU), the court said I would have to file a Notice of Appearance to appear for argument on that motion. I declined. They know my position and I have not changed my position.

You represented to me that I did not have to file a limited appearance if I helped you for your continued deposition (and you initially said it could be in Connecticut and involved 90 minutes of my time). When the location changed, I said if you could not find anyone else, if you could fund at least travel expenses from Northern Connecticut, I may so long as I did not have to file a Notice of Appearance. I since forwarded you multiple names for attorneys

13

who are available for less than my travel costs and you said you can't afford that. I'm no longer an option.

You need funding Robyn. That has to be your focus. With funding you can get representation in NY.  Even if you come up with $200 for an of counsel to accompany you to the deposition, what happens after the deposition?  Your chances of a pro bono counsel assignment by court are only slightly better than your chances of winning the lottery. You need an attorney. You need money.

Colleen

> On Aug 9, 2019, at 11:37 PM, ROBYN ABRAHAM <robyna@hbglobal.tv> wrote:
>
> Good Evening:
>
> With special thanks to Colleen who went above and beyond filing pleadings today, thank you again Marcia and Fadia for your excellent comments and detailed analyses.
>
> I am most appreciative.
>
> With Sincere Gratitude
> Robyn
>
> Sent from my iPhone

# EXHIBIT B

**From:** attorneycolleenkerwick <attorneycolleenkerwick@aol.com>
**To:** rabraham <rabraham@intcapsol.com>; robyn.abraham <robyn.abraham@gmail.com>; robyna <robyna@hbglobal.tv>; marcia.wiss <marcia.wiss@wisspartners.com>
**Subject:** Settlement agreement terms.
**Date:** Wed, Oct 9, 2019 8:16 pm

Dear Robyn and Marcia:

Ira has the checks cut of ▓▓▓▓ to Marcia's firm and ▓▓▓▓ to Robyn. Robyn intends to pick her check up tomorrow afternoon so time is of the essence to execute the settlement agreement. The settlement agreement per my contemporaneous notes from 10/7/19 are:

1. Robyn pays Hudson Reporting their bill of $15,502.85 or whatever she negotiates as payment in full.

2. Then we took 30% of the balance for Wiss Partners, which was ▓▓▓▓

3. Marcia agreed to reduce the fee owed to Wiss Partners by $10,000 in consideration of a peace clause to stop any collateral attacks/ grievances/ communication.

4. The number should have been ▓▓▓▓ to Marcia's law ( The number on the cut checks is wrong to the detriment of Robyn in the amount of $30.85).

5. Wiss & Partners agreed to pay me my balance (currently $4,234) and stay in the case for the Motion for Sanctions and Pre-trial conference and two London Depositions through October 29, 2019 and pay me for that. After October 29, 2019 we can renegotiate and/or withdraw.

6. Robyn can't send tonnes of emails in one day (although her now known email habits will certainly help our opposition to Cozens motion for sanctions as it explains the anomalies)

7. Robyn represented she will be paying Rachel Atkins of Schillings.

8. Robyn will receive 100% of any settlement from Cozen/ Leigh who are the primary defendant in this case. Cozen have asked if they can settle the case during our representation. Wiss Partners waives any claim to any portion of that settlement with Cozen /Leigh even if it is settled during our representation over the next few weeks.

9. We since learned that EnVista Forensics were not paid their bill of $1000, which I understand Robyn is responsible for.

10. I have received a draft of an agreement from Marcia. Once it is flattened of comments, I will forward it to Robyn for her review.

17

11. I understand that Robyn may ask that the non-disparagement and confidentiality clauses be bilateral, which I will recommend despite the financial concession from one side only for those clauses. I say this as we all have an ongoing duty of representation as "former counsel" after withdrawal.

Colleen