UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ROBYN ABRAHAM, | |
|---|---|
| Plaintiff, | |
| -v.- | 17 Civ. 5429 (KPF) |
| ABBY LEIGH, *et al.*, | **ORDER** |
| Defendants. | |

KATHERINE POLK FAILLA, District Judge:

  This Order responds to Plaintiff's request dated December 8, 2019, which the Court will docket under seal, and the Leigh Defendants' response dated December 9, 2019, which will also be filed under seal. The Court intended to wait before responding to Plaintiff's request, lest its promptness be misconstrued as an acceptance of Plaintiff's arguments of urgency and prejudice. However, in light of the speed and content of Defendants' response, the Court now enters the fray.

  It is noteworthy to the Court that despite repeated remonstrations from the Court — including a finding of perjury — Plaintiff continues to include misleading, and at times false, statements in her submissions. The Court has no need to detail all such statements in this Order, but it notes that Plaintiff has repeatedly mischaracterized the conduct of the Leigh Defendants, the procedural history of this case, and the content of the Court's Orders in her submissions to the Court. The Court writes to underscore that this alternate narrative must cease, and that Plaintiff must take greater care to represent fairly the statements of the Court and opposing counsel.

Distilled to its essence, Plaintiff's letter makes two requests. The first asks the Court to renew its request for *pro bono* counsel for Plaintiff. (Dkt. #260). On the current record, Plaintiff's request is denied. The Court is unaware of the specifics of Plaintiff's settlement with Defendants Wasserman and Honig, and does not by issuing this Order wish to know the details of that settlement. However, the Court recalls statements from Plaintiff's prior counsel that suggested to the Court that Plaintiff was no longer in need of *pro bono* counsel. (Dkt. #397). Indeed, Plaintiff's scheduled interviews with prospective counsel suggest that she no longer needs *pro bono* counsel. Further, the Court surmises that *pro bono* counsel is unlikely to consent to represent Plaintiff, given that the fact that Plaintiff is herself an attorney. For these reasons, the request is denied.

Plaintiff's second request is for an extension until January 21, 2020, to respond to the Leigh Defendant's motion for fees and costs in accordance with this Court's imposition of sanctions against Plaintiff. (Dkt. #371, 407). Given the medical issues described by Plaintiff and her continuing efforts to secure counsel, this request is granted. Plaintiff must understand, however, that no further extensions will be granted under any circumstances. What is more, the Court does not accept Plaintiff's arguments concerning the deposition of Joseph Smith. To put it more pointedly, the Court categorically rejects Plaintiff's arguments that her need for an extension of time to respond to the motion for fees and costs is the product of misconduct by the Leigh Defendants or their counsel.

In sum, the Court denies Plaintiff's first request for a renewed order seeking *pro bono* counsel and grants her request for an extension of time to reply to the pending motion for fees and costs. But future submissions to the Court cannot be accompanied by the calumny that pervades Plaintiff's December 8, 2019 letter. In the future, the submissions of this tone will be rejected by the Court.

SO ORDERED.

Dated: December 10, 2019
New York, New York

KATHERINE POLK FAILLA
United States District Judge