UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

                Plaintiff,

-v.-

ABBY LEIGH, *et al.*,

                Defendants.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Plaintiff's letters dated March 27, 2020, and April 2, 2020. (Dkt. #479, 496). Though these submissions are at times difficult to understand, the Court gleans that Plaintiff is asking the Court to: (i) unseal all *ex parte* communications and unseal certain exhibits filed in support of Defendants' pending motion for summary judgment; (ii) reopen discovery in this matter, despite the fact that a motion for summary judgment has been fully briefed; and (iii) permit Plaintiff to file certain unspecified additional documents in opposition to Defendants' pending motion for summary judgment, despite the fact that Plaintiff's opposition was due to be filed on or before March 11, 2020.

    The first two of Plaintiff's requests ask the Court to reconsider its orders denying identical requests. (Dkt. #462, 470, 492). Indeed, the Court has addressed the issue of whether Plaintiff may file additional papers in opposition to the pending motion for summary judgment not once, but twice. (Dkt. #470, 492). These requests for reconsideration do not raise new arguments and fail

to grapple with the Court's reasoning in denying the applications when they were first presented.

Plaintiff's request to reopen discovery is even more troublesome. Plaintiff claims that discovery must be reopened because she has learned only recently that a specific signed contract exists, but was never produced by Defendants. (Dkt. #479). Plaintiff has raised this claim before, as early as February 29, 2020. (Dkt. #456, 459). And, as Defendants have shown through multiple filings on the public docket, Plaintiff's claim is based on reading of a declaration that is at best inaccurate, and at worst intentionally misleading. (Dkt. #463, 497). Nevertheless, Plaintiff continues to peddle this debunked narrative. There is no indication that fact discovery ought to be reopened, especially at this very late stage in the proceedings. For these reasons, each of Plaintiff's three requests is DENIED.

Given the number and the tenor of Plaintiff's submissions in recent weeks — and their diminishing fidelity to the record in this case — the Court is convinced that more drastic steps are necessary to prevent Plaintiff from clogging the Court's docket with irrelevant, if not false, information and unduly burdening Defendants. Accordingly, Plaintiff is precluded from filing further submissions of any type until the earlier of a further order of the Court in this regard, or the Court's resolution of Defendants' pending motion for summary judgment.

The Clerk of Court is hereby ordered to strike docket entries 481 through 489, which entries Plaintiff filed as her papers in opposition to Defendants'

pending motion for summary judgment. The Court will instead docket the materials that Plaintiff submitted to the Court via email on March 11, 2020, thus ensuring adherence to its March 27, 2020 Order. (Dkt. #492).

Finally, the Court is in receipt of Defendants' request that the Court shorten the 21-day safe harbor under Federal Rule of Civil Procedure 11, within which Plaintiff might withdraw her motion to reopen discovery. (Dkt. #490). Such application is DENIED at this time. The Court believes the solution it has outlined in this Order to be sufficient.

SO ORDERED.

Dated: April 3, 2020
New York, New York

KATHERINE POLK FAILLA
United States District Judge