UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

                          Plaintiff,

            v.

ABBY LEIGH, *as Executrix of the Estate of Mitch Leigh*,

                          Defendant.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:[1]

       The Court is in receipt of Plaintiff Robyn Abraham's motion for reconsideration of its October 22, 2019 oral decision sanctioning Plaintiff and its September 14, 2020 Opinion and Order imposing attorneys' fees and costs on Plaintiff.  (Dkt. #548-552).[2]  The Court has carefully reviewed Plaintiff's submissions and is not persuaded that it overlooked controlling legal authority or factual data that would change its decision, or that reconsideration is needed to prevent manifest injustice.  Plaintiff's motion is therefore denied.

       "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)).  Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the

---

[1]       The caption has been modified to reflect the parties to the instant application.

[2]       For convenience, the Court refers to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration as "Pl. Br." (Dkt. #548), and Plaintiff's Affirmation in Support of Plaintiff's Motion for Reconsideration as "Pl. Decl." (Dkt. #549).

court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); a*ccord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Under Local Rule 6.3, a motion for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  Here, it is undisputed that Plaintiff filed her motion for reconsideration of the Court's October 22, 2019 decision nearly a year after the Court's determination of the underlying motion.  (*See* Dkt. #409 (transcript); *see also* Dkt. #371 (order memorializing oral decision)).  Courts in this Circuit have consistently held that the untimeliness of a motion for reconsideration is

reason enough to deny the motion.  *See, e.g., McGraw-Hill Glob. Educ. Holdings, LLC* v. *Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018); *see also Cyrus* v. *City of N.Y.*, No. 06 Civ. 4685 (ARR) (RLM), 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (collecting cases).  Plaintiff offers no justification for her delay in filing the motion for reconsideration.  (*See generally* Pl. Br.; Pl. Decl.).  This is reason enough to deny her motion for reconsideration of the Court's October 22, 2019 decision.

Additionally, the Court finds that Plaintiff's motion for reconsideration lacks merit.  Plaintiff offers no new evidence and points to no change in controlling law that would justify reconsideration of either of the Court's orders.  Instead, claiming manifest injustice, Plaintiff repeats several conspiracy theories about her former counsel that she argues are bases for reconsideration.  (*See* Pl. Br. 20-23; *see also id.* at 13-29).  Plaintiff has already advanced these specious theories, and the Court has already carefully explained, in several prior opinions, why Plaintiff's theories are meritless and unsupported by the factual record.  *See, e.g., Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 5512718 (S.D.N.Y. Sept. 14, 2020); *Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 3833424 (S.D.N.Y. July 8, 2020), *reconsideration denied*, No. 17 Civ. 5429 (KPF), 2020 WL 5095655 (S.D.N.Y. Aug. 28, 2020).  Plaintiff's argument regarding the withdrawal of Defendants Honig and Wasserman (*see* Pl. Br. 20), has similarly been considered and rejected.  *See Abraham* v. *Leigh*, 2020 WL 5512718, at *6.  A motion for reconsidering is not "an occasion for repeating old arguments previously

rejected." *Stone* v. *Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015).  Because Plaintiff has advanced these spurious theories on several occasions before the Court, Plaintiff's motion for reconsideration of the October 22, 2019 decision is properly denied.[3]

Plaintiff focuses entirely on reconsideration of the Court's October 22, 2019 decision imposing sanctions on Plaintiff, and does not offer any independent basis for reconsideration of the Court's September 14, 2020 Opinion and Order imposing attorneys' fees and costs on her.  (*See generally* Pl. Br.; Pl. Decl.).  Because, as explained above, the Court declines to reconsider its October 22, 2019 decision to sanction Plaintiff, and because Plaintiff has offered no additional reason for reconsideration of the fees and costs imposed in the Court's September 14, 2020 Opinion and Order, Plaintiff's motion for reconsideration of the September 14, 2020 Opinion and Order is also denied.

SO ORDERED.

Dated:      October 1, 2020
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[3]     Plaintiff appears to advance one new theory relating to Plaintiff's participation in civil litigation in federal court in Florida more than 20 years ago.  (*See* Pl. Br. 22).  To the extent Plaintiff alleges that her former attorney in this case received documents from her former attorney in the Florida litigation, the allegation, even if true, is completely irrelevant to the Court's decisions to sanction Plaintiff for fabricating documents and perjuring herself (*see generally* Dkt. #409 (transcript)), and to impose attorneys' fees and costs on Plaintiff for her sanctioned behavior (*see* Dkt. #539).