UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

                Plaintiff,

    -v.-

ABBY LEIGH, *et al.*,

                Defendants.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    After careful consideration of the parties' submissions (*see* Dkt. #540, 542-544, 555, 564-570, 576, 578, 581), and of the arguments raised at the October 19, 2020 hearing, the Court declines to exercise ancillary jurisdiction over any dispute between Plaintiff Robyn Abraham and her former counsel — Marcia Wiss, her firm Wiss & Partners, and Colleen Kerwick — over an alleged violation of a "peace clause" in the settlement agreement between the parties. (*See* Dkt. #379). At the time Plaintiff and her former counsel entered into their agreement, the parties did not ask the Court to retain jurisdiction over its enforcement (*see* Dkt. #372, 379, 382), and the Court does not believe that it should adjudicate a dispute that arose after the events at issue in this case and that is unrelated to the underlying claims in this litigation. Therefore, to the extent the parties seek to determine the validity *vel non* of the peace clause, they must resolve this dispute in another court of competent jurisdiction.

    That said, the Court retains, and has a duty to exercise, its inherent authority to supervise and control the proceedings before it. As explained in prior opinions, Plaintiff's relationship with her former counsel is irrelevant to

any of the claims at issue in this litigation.  *See, e.g.*, *Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 5512718 (S.D.N.Y. Sept. 14, 2020), *reconsideration denied*, No. 17 Civ. 5429 (KPF), 2020 WL 5836511 (S.D.N.Y. Oct. 1, 2020); *Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 3833424 (S.D.N.Y. July 8, 2020), *reconsideration denied*, No. 17 Civ. 5429 (KPF), 2020 WL 5095655 (S.D.N.Y. Aug. 28, 2020).  Given the number and the tenor of Plaintiff's submissions in recent months — in particular, their increasing attenuation from the relevant issues in this case, the record, and the truth — the Court is even more convinced that it must exercise this inherent power in order to prevent Plaintiff from clogging the Court's docket with sensitive, irrelevant, and possibly false information about Plaintiff's former counsel.

From this point forward, Plaintiff shall not file any submission in this case regarding Ms. Kerwick, Ms. Wiss, Wiss & Partners, and/or Plaintiff's relationship with them, absent leave of Court.  Should Plaintiff violate this Order, the Court will consider the arsenal of sanctions available to it, including civil and criminal contempt, monetary sanctions, and default in the underlying action.  *See Mitchell* v. *Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) ("Every district court 'has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for ... disobeying the court's orders.'" (alteration in original) (quoting *Mickle* v. *Morin*, 297 F.3d 114, 125 (2d Cir. 2002)).  Further, the Court categorically rejects Plaintiff's suggestion that her pending appeal to the United States Court of Appeals for the Second Circuit requires her to place any additional information regarding her issues with prior counsel on the docket of this case.

3

The Clerk of Court is directed to terminate the motion at docket entry 543.

SO ORDERED.

Dated:   October 21, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge