UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

                      Plaintiff,

-v.-

ABBY LEIGH, *et al.*,

                      Defendants.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      By Opinion and Order dated September 14, 2020, the Court ordered Plaintiff Robyn Abraham to pay $53,144.60 in attorneys' fees and costs incurred by Defendant Abby Leigh, as Executrix of the Estate of Mitch Leigh ("Defendant"), in connection with the Court's partial grant of a sanctions motion in Defendant's favor. (Dkt. #539 (the "Sanctions Order"); *see also* Dkt. #371 (granting motion for sanctions), 409 (transcript)). To date, Plaintiff has not complied with the Sanctions Order. Before the Court is Defendant's motion for a finding of civil contempt for failure to abide by the Sanctions Order (Dkt. #573-575); Plaintiff's submission in opposition to Defendant's motion for a finding of civil contempt (Dkt. #610-611); and Defendant's reply submission (Dkt. #614).[1]

---

[1]     For ease of reference Defendant's opening memorandum is referred to as "Def. Br." (Dkt. #574); Plaintiff's opposition memorandum is referred to as "Pl. Opp." (Dkt. #611); and Defendant's reply memorandum is referred to as "Def. Reply" (Dkt. #614). The Declaration of H. Robert Fiebach in Support of Defendant's Motion for a Finding of Civil Contempt is referred to as "Fiebach Decl." (Dkt. #575); and Plaintiff Robyn Abraham's Declaration in Opposition to Defendant's Motion for Contempt is referred to as "Abraham Decl." (Dkt. #611). For convenience, because Plaintiff's submission does not have consistent internal pagination, the Court uses the page numbers assigned by the Court's electronic case filing ("ECF") system.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Waterkeeper Alliance, Inc.* v. *Salt*, 829 F. App'x 541, 543 (2d Cir. 2020) (summary order) (quoting *Spallone* v. *United States*, 493 U.S. 265, 276 (1990)). That power "reaches both conduct before the court and that beyond the court's confines." *Chambers* v. *Nasco, Inc.*, 501 U.S. 32, 44 (1991). A court may hold a party in civil contempt for failure to comply with a court order if: "[i] the order the contemnor failed to comply with is clear and unambiguous[; [ii] the proof of noncompliance is clear and convincing[;] and [iii] the contemnor has not diligently attempted to comply in a reasonable manner." *Al Hirschfeld Found.* v. *Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (quoting *CBS Broadcasting Inc.* v. *FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)). "The contemnor need not willfully violate the order for contempt to be appropriate." *Jolen, Inc.* v. *Kundan Rice Mills, Ltd.*, No. 19 Civ. 1296 (PKC), 2019 WL 2949988, at *3 (S.D.N.Y. July 9, 2019) (citing *Paramedics Electromedicina Comercial, Ltda* v. *GE Med. Sys. Info. Techs. Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)).

The Court agrees with Defendant that the Sanctions Order is "clear and unambiguous" and that Plaintiff's noncompliance is "clear and convincing." (Def. Reply 1 (quoting *CBS Broadcasting Inc.*, 814 F.3d at 98)). It is undisputed that Plaintiff has not complied with the Sanctions Order. (*See* Fiebach Decl. ¶¶ 3-6; *see generally* Pl. Opp.). And the Sanctions Order plainly directs Plaintiff to pay sanctions in the amount of $52,507.50 in attorneys' fees and $637.10 in costs to Defendant, within 30 days of the date of the Order. (Dkt. #539 at 31).

2

Plaintiff argues that she diligently attempted to comply with the Sanctions Order in a reasonable manner, and that therefore civil contempt is not justified. (*See generally* Pl. Opp.). Plaintiff offers three explanations to attempt to prove her diligence: *first*, she asserts that poverty prevents her compliance (*id.* at 8-11); *second*, she argues that her non-compliance is excused by illness, "reportedly due to COVID" (*id.* at 5); and *third*, she claims that her failed attempt to appeal the Sanctions Order somehow demonstrates diligence (*id.* at 8).

The Court has already carefully considered and rejected Plaintiff's argument that her pending appeal, which only belatedly sought to include the Sanctions Order, does not stay or excuse Plaintiff's obligation to comply with the Sanctions Order. (*See* Dkt. #589, 592, 602). And Plaintiff's statements about her illness address a delay in complying with the Sanctions Order, but do not demonstrate any diligence in attempting to comply. Further, even if illness did demonstrate diligence, here the Court does not believe Plaintiff has established that she has actually been ill; instead, Plaintiff has claimed illness when it suits her, but at other times has claimed to be out of her house and working on various secret projects "on location." (*Compare* Pl. Opp. 5, *with* Dkt. #555, 576).

Finally, Plaintiff's *ipse dixit* claim that poverty prevents her from complying with the Sanctions Order is insufficient on this record. Plaintiff provides no evidence to substantiate her claim of poverty, and her sworn declaration is filled with argument and demonstrably false claims, rather than evidence. For example, Plaintiff claims that she has paid more than $100,000

in compliance with previous Court orders, and that these payments have left her unable to comply with the Sanctions Order. (Abraham Decl. ¶¶ 5-7). But Plaintiff claims that the Court ordered her to make these payments. (*See* Pl. Opp. 9). This is a misrepresentation of the record. Rather, Plaintiff voluntarily entered into a settlement agreement with her former counsel, which agreement the Court memorialized in an order at the parties' joint request. (*See* Dkt. #379). Although the Court ordered Plaintiff to abide by the terms of her settlement agreement, as explained by the Court already, the Court did not force Plaintiff to enter into the settlement agreement. *See Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 5095655, at *4-6 (S.D.N.Y. Aug. 28, 2020).

The Court also notes that Plaintiff's own statements to this Court demonstrate that a significant portion of the funds she received from settling with Defendants Wasserman and Honig remain unaccounted for. For example, Plaintiff agreed to pay her former counsel 30% of this settlement less $10,000. (*See* Dkt. #379 (memorializing settlement agreement between Plaintiff and her former counsel)). In her opposition brief, Plaintiff discloses to the Court that, pursuant to this agreement, she apparently paid her former counsel "more than $63K," suggesting that she received more than $200,000 from Defendants Wasserman and Honig. (Pl. Opp. 9). Plaintiff also makes much of paying for court reporting services. (*Id.*). However, Plaintiff agreed pay $15,502.85 to Hudson Reporting as part of her settlement agreement with her former counsel. (Dkt. #379). Even accepting Plaintiff's representations as true, Plaintiff has yet to account for well over $100,000 she received in her settlement with Defendants Wasserman and Honig. Plaintiff's claims of poverty are further

undermined by the contradiction between her claim to have been unable to work since February (Pl. Opp. 9), and her prior representations that she could not attend remote conferences in this case because of "professional production commitments" that required her to work "on location" (Dkt. #555).

The Court pauses briefly here to address Plaintiff's continued contempt-worthy behavior.  The Court has warned Plaintiff repeatedly about using the docket in this case to mount personal attacks on her former counsel.  (*See, e.g.*, Dkt. #583, 589, 604).  Despite the Court's repeated warnings, Plaintiff continues to use her submissions in this case to make demonstrably false, spurious, and irrelevant allegations about her former counsel.  The Court has carefully considered whether there are any legitimate reasons for Plaintiff to continue to advance personal attacks about her former counsel in this case and has found none.  This is Plaintiff's final warning.  If Plaintiff's noncompliance with the Court's October 21, 2020 Order continues (*see* Dkt. #583), the Court will enter judgement against Plaintiff on Defendant's counterclaims against her.  The Court has warned Plaintiff about this conduct repeatedly (*see* Dkt. #583, 589, 604), and alternative sanctions, such as spoliation of evidence and monetary sanctions, have proven inadequate to stop Plaintiff's improper behavior, as the instant motion makes clear.

As explained above, Plaintiff has not offered any evidence that poverty has prevented her from diligently complying with the Sanctions Order.  The Court offers Plaintiff a final chance to substantiate her claim of poverty.  Accordingly, Plaintiff may submit, on or by **January 22, 2021**, an *ex parte*, sealed submission to substantiate her poverty and her diligence in attempting

5

to comply with the Sanctions Order between September 14, 2020, and the present.  The Court will hold its decision on Defendant's pending motion for a finding of civil contempt in abeyance pending a supplemental submission from Plaintiff to demonstrate her diligence in attempting to comply with the Sanctions Order.  Additionally, Plaintiff is warned one final time that continued noncompliance with the Court's October 21, 2020 Order will result in entry of judgment against Plaintiff on Defendant's counterclaims against her.

      SO ORDERED.

Dated:    December 21, 2020
             New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge