UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

                 Plaintiff,

         -v.-

ABBY LEIGH, *et al.*,

                 Defendants.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On September 14, 2020, the Court ordered Plaintiff Robyn Abraham to pay $53,144.60 in attorneys' fees and costs incurred by Defendant Abby Leigh, as Executrix of the Estate of Mitch Leigh ("Defendant"), in connection with the Court's partial grant of a sanctions motion in Defendant's favor. (Dkt. #539 (the "Sanctions Order"); *see also* Dkt. #371 (granting motion for sanctions), 409 (transcript)). To date, Plaintiff has not complied with the Sanctions Order. By Order dated December 21, 2020, the Court held its decision on Defendant's pending motion for a finding of civil contempt in abeyance pending a supplemental submission from Plaintiff to: (i) substantiate her claim of poverty, and (ii) demonstrate her diligence in attempting to comply with the Sanctions Order. On January 25, 2021, Plaintiff filed her *ex parte* submissions. (Dkt. #620-621). Plaintiff also requested that the Court allow her to file her *ex parte* submissions on the public docket. (Dkt. #620). For the reasons that follow, the Court DENIES Plaintiff's request to file her *ex parte* submissions on the

public docket, and conditionally DENIES without prejudice Defendant's motion for a finding of civil contempt.[1]

Plaintiff seeks to have her *ex parte* submissions filed on the public docket. (*See* Dkt. #620). But these submissions reiterate demonstrably false allegations that have been repeatedly rejected by the Court. (*See, e.g.*, Dkt. #583, 615). *See also Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 5512718 (S.D.N.Y. Sept. 14, 2020), *reconsideration denied*, No. 17 Civ. 5429 (KPF), 2020 WL 5836511 (S.D.N.Y. Oct. 1, 2020); *Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 3833424 (S.D.N.Y. July 8, 2020), *reconsideration denied*, No. 17 Civ. 5429 (KPF), 2020 WL 5095655 (S.D.N.Y. Aug. 28, 2020). The Court previously granted Plaintiff leave to file a supplemental *ex parte* submission only "to substantiate her poverty and her diligence in attempting to comply with the Sanctions Order between September 14, 2020, and the present." (Dkt. #615). The spurious allegations and arguments contained in Plaintiff's submissions are completely unrelated to Plaintiff's diligence in complying with the Sanctions Order and verge on the vexatious. Therefore, the Court denies Plaintiff's request to have these largely irrelevant documents, filled with demonstrably false conspiracies, on the public docket.

Turning to the substance of the instant dispute, Plaintiff raises several arguments to attempt to substantiate the poverty that she claims excuses her from complying with the Sanctions Order. (*See* Dkt. #621). The Court has

---

[1] Because the Court's decision is based in part on information submitted to it *in camera* by Plaintiff, this Order is docketed in a redacted form and submitted to Plaintiff in an unredacted form.

rejected several of them already, and reiterates that the Court did not force Plaintiff to enter into the settlement agreement, and thus is not responsible for Plaintiff's obligations under that agreement. *See Abraham* v. *Leigh*, No. 17 Civ. 5429 (KPF), 2020 WL 5095655, at *4-6 (S.D.N.Y. Aug. 28, 2020). Nor has Plaintiff accounted for the disposition of the significant sum of money that she received as part of the settlement agreement. (*See* Dkt. #615). However, the Court does credit as proof of Plaintiff's indigence ███████████

███████████████████████████████████████████

███████████████████████████. Plaintiff avers ███████████

███████████████████████████████████████████

███████████████████. Accordingly, to substantiate her ongoing claim of poverty, Plaintiff is directed to file — *ex parte* and under seal — ███████

███████████████████████████████████████████

███████████. Plaintiff shall submit ███████████████████ once a month, on or by the first day of the next month.[2] Accordingly, Defendant's motion for a finding of civil contempt is conditionally DENIED without prejudice; however, the Court will revisit this decision should Plaintiff fail to substantiate her claim of poverty as specified in this Order.

The Clerk of Court is directed to terminate the motion pending at docket entry 573.

---

[2] For example, on or by March 1, 2021, Plaintiff shall submit a copy of ███████████ ███████████ in each of the following weeks: the week of February 1, 2021; the week of February 8, 2021; the week of February 15, 2021; and the week of February 22, 2021.

SO ORDERED.

Dated: January 27, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

4