UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

                    Plaintiff,

          -v.-

ABBY LEIGH, *et al.*,

                    Defendants.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      On September 14, 2020, the Court ordered Plaintiff to pay attorneys' fees and costs incurred by Defendant Abby Leigh, as Executrix of the Estate of Mitch Leigh ("Defendant"), in connection with the Court's partial grant of a sanctions motion in Defendant's favor. (Dkt. #539 (the "Sanctions Order"); *see also* Dkt. #371 (granting motion for sanctions), 409 (transcript)). To date, Plaintiff has not complied with the Sanctions Order. By Order dated December 21, 2020, the Court held its decision on Defendant's motion for a finding of civil contempt in abeyance pending a supplemental submission from Plaintiff to: (i) substantiate her claim of poverty, and (ii) demonstrate her diligence in attempting to comply with the Sanctions Order. On January 25, 2021, Plaintiff filed her *ex parte* submission. (Dkt. #620-621). By Order dated January 27, 2021, the Court conditionally denied Defendant's motion for a finding of civil contempt without prejudice, after finding that Plaintiff had adequately demonstrated indigence and requiring Plaintiff to file monthly submissions, *ex parte* and under seal, to continue to substantiate her claim of indigence. (Dkt. #622).

On February 2, 2021, Defendant filed a motion for reconsideration and/or clarification of the Court's January 27, 2021 Order. (*See* Dkt. #623-624). Defendant argues that "to the extent Plaintiff's compliance with monetary sanctions is deemed excused," the Court should impose an alternative sanction on Plaintiff. (Dkt. #264). The Court has not excused Plaintiff's obligation to pay the monetary sanctions at issue. Rather, Plaintiff's submissions demonstrate indigence such that the Court does not believe a finding of civil contempt is justified — at this time — for Plaintiff's failure to comply with the Sanctions Order to-date. The Court denied Defendant's motion without prejudice because Plaintiff's obligation to comply with the Sanctions Order continues and Plaintiff will be expected to comply when she can no longer demonstrate indigence. Accordingly, Defendant's motion for reconsideration is DENIED.[1]

The Clerk of Court is directed to terminate the motion pending at docket entry 623.

SO ORDERED.

Dated:   February 11, 2021
         New York, New York

                                         _____
                                         KATHERINE POLK FAILLA
                                         United States District Judge

---

[1]   In any event, the Court disagrees that failure to enter judgment against Plaintiff on Defendant's counterclaim would cause "manifest injustice" such that a motion for reconsideration is warranted. As a result of other sanctions imposed on Plaintiff by the Sanctions Order, which sanctions Defendants claim are now "moot" (*i.e.*, the exclusion of sanctioned documents), Defendants obtained summary judgment in this action.