UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

      Plaintiff,

-v.-

ABBY LEIGH, *et al.*,

      Defendants.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

  The Court has received and reviewed Plaintiff's counseled July 6, 2021 submission (Dkt. #652) seeking relief from the Court's October 21, 2020 Order (*see* Dkt. #583). Plaintiff's motion proceeds from a misperception of the factual predicates underlying the Court's October 2020 Order. Specifically, Plaintiff's recently retained counsel overlooks an extensive history of misstatements made by Plaintiff regarding her prior counsel — and, even more concerning to the Court, Plaintiff's documented histories of disclosing sensitive and irrelevant personal information about her prior counsel, and of advancing spurious arguments (or rank speculation) regarding her former counsel. Because the Court could not identify a need, other than Plaintiff's vindictiveness, for the introduction of this information, the Court issued the October 2020 Order requiring Plaintiff to seek leave of Court before introducing information or making arguments regarding Ms. Kerwick, Ms. Wiss, Wiss & Partners, and/or Plaintiff's relationship with the aforementioned parties.

  According to Plaintiff's recently retained counsel, he must include information regarding Ms. Kerwick, Ms. Wiss, and Wiss & Partners in order to

advance certain arguments in support of Plaintiff's anticipated motion to amend. The Court will accept Plaintiff's counsel's representations and will grant Plaintiff leave to submit information regarding Plaintiff's prior counsel in connection with her anticipated motion to amend. Plaintiff and her counsel are both warned that the Court will not countenance the submission of personal information solely to embarrass or harass Plaintiff's prior counsel, and will consider such a submission a violation of the Court's October 2020 Order. Additionally, in granting Plaintiff leave to submit information about her former counsel in support of her anticipated motion to amend, the Court does not agree with Plaintiff's counsel's characterization of the legal validity of the October 2020 Order, which Order was necessitated by Plaintiff's extensive prior misconduct in this case. (*See* Dkt. #583 ("Given the number and the tenor of Plaintiff's submissions in recent months — in particular, their increasing attenuation from the relevant issues in this case, the record, and the truth — the Court is even more convinced that it must exercise this inherent power in order to prevent Plaintiff from clogging the Court's docket with sensitive, irrelevant, and possibly false information about Plaintiff's former counsel.")). The Clerk of Court is directed to terminate the motion pending at docket entry 652.

    SO ORDERED.

Dated:    July 8, 2021
             New York, New York

                                                      KATHERINE POLK FAILLA
                                                        United States District Judge