UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

+-------------------------------------------+
| ROBYN ABRAHAM,                            |
|                          Plaintiff,       |
|                                           |
|              -v.-                         |
|                                           |
| ABBY LEIGH, *in her individual capacity and* |
| *as Executrix of the Estate of Mitch Leigh, The* |
| *Viola Fund, and Abby Leigh Ltd.*,        |
|                                           |
|                          Defendant.       |
+-------------------------------------------+

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

In a joint letter dated June 8, 2021, which letter was requested by the Court to address trial scheduling issues, Plaintiff sought leave to add a jury demand to her answer to Defendant Abby Leigh's Amended Counterclaim. (Dkt. #646).  By way of background, Defendant filed the Amended Counterclaim on October 18, 2018 (Dkt. #105), and, after motion practice, Plaintiff filed her Answer thereto on September 30, 2019 (Dkt. #335).  By Order dated June 9, 2021, the Court directed the parties to submit supplemental briefing regarding Plaintiff's request.  (Dkt. #647).  On July 9, 2021, the parties submitted further briefing regarding Plaintiff's request.  (*See* Dkt. #654-655).[1] For the reasons discussed herein, Plaintiff's request is denied.

The parties dispute whether Defendant's counterclaim is eligible for a jury trial.  The Federal Rules of Civil Procedure preserve the right to a jury trial "as declared by the Seventh Amendment … or as provided by a federal statute."

---

[1]     Plaintiff's former counsel also filed a letter responding to certain allegations in Plaintiff's submission.  (Dkt. #656).  Because of the manner in which the Court resolved Plaintiff's request, the Court did not consider this submission.

Fed. R. Civ. P. 38(a).  Defendants' counterclaim does not arise out of any federal statute, so Plaintiff's jury demand must rely on the Seventh Amendment.  *See generally Feltner* v. *Columbia Pictures Television, Inc.*, 523 U.S. 340, (1998).  The Seventh Amendment limits the right to a jury trial to "[s]uits at common law."  U.S. Const. Amend. VII.  To determine whether a party has a right to a jury trial under the Seventh Amendment, the Supreme Court has established a two-step analysis.  *See Granfinanciera, S.A.* v. *Nordberg*, 492 U.S. 33, 42 (1989).  First, the court determines whether the claim, or one analogous to it, would have been deemed legal or equitable in eighteenth-century England before the merger of courts of law and equity.  *See Pereira* v. *Farace*, 413 F.3d 330, 337 (2d Cir. 2005) (*citing Germain* v. *Conn. Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993)).  Second, the court must "'[e]xamine the remedy sought and determine whether it is legal or equitable in nature.'"  *Id.* (quoting *Granfinanciera*, 492 U.S. at 42).  The second part of the test is given more weight than the first.  *Id.*  The Second Circuit has determined that, as a "general rule," "breach of fiduciary duty claims were historically within the jurisdiction of the equity courts."  *Pereira* v. *Farace*, 413 F.3d 330, 338 (2d Cir. 2005) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391* v. *Terry*, 494 U.S. 558, 567 (1990)).

Defendant argues that her breach of fiduciary duty counterclaim is ineligible for trial by jury because: (i) breach of fiduciary duty claims are historically within the jurisdiction of the equity courts, and (ii) the only relief now sought by Defendant is equitable in nature.  (Dkt. #654).  For her part, Plaintiff cites extensively to Defendant's original counterclaims, arguing that

Defendant's claims for money damages in that pleading make the current counterclaim legal rather than equitable in nature.  (Dkt. #655 (citing #86)); *see also Soley* v. *Wasserman*, No. 08 Civ. 9262 (KMW) (FM), 2013 WL 1655989, at *2 (S.D.N.Y. Apr. 17, 2013) (denying motion to strike Seventh Amendment jury demand on breach of fiduciary duty claim where claimant sought primarily "compensatory damages").  Significantly, however, those counterclaims are not the operative pleadings in this case; instead, Defendant filed an amended pleading in which she seeks only equitable relief and a set-off to the extent the Court awards damages to Plaintiff.  (*See* Dkt. #105).  Because the Court has already granted summary judgment to Defendant on all of Plaintiff's claims (*see* Dkt. #505), Defendant's request for a set-off is no longer live and the only relief Defendant seeks at trial is equitable in nature (Dkt. #105).

Accordingly, Defendant's counterclaim is not eligible for trial by jury, and Plaintiff's motion is DENIED.  The parties are hereby ORDERED to file a joint letter on or by July 23, 2021, providing their availability for a bench trial to take place during the first quarter of 2022.

SO ORDERED.

Dated:      July 13, 2021
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3