UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

                    Plaintiff,

          -v.-

ABBY LEIGH, *as Executrix of the Estate of
Mitch Leigh, the Viola fund, Abby Leigh Ltd*,

                    Defendant.

17 Civ. 5429 (KPF)

**Order for Appearance of
Pro Bono Counsel**

KATHERINE POLK FAILLA, District Judge:

On July 9, 2019, the Court issued an Order requesting the services of a pro bono attorney to represent Plaintiff Robyn Abraham in this matter. (Dkt. #260). Since then, the case has proceeded to its current posture, with a counterclaim for breach of fiduciary duty set for a bench trial with the firm date of June 7, 2022. Given the recent withdrawal of Plaintiff's counsel, this Order considers Plaintiff's renewed request for pro bono representation for the purpose of representing her at the upcoming bench trial.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. On June 28, 2019, Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP) (Dkt. #262), which the Court granted on July 9, 2022 (Dkt. #260). The Court has thus determined that Plaintiff qualifies as indigent.[1] Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement

---

[1] On January 27, 2021, the Court directed Plaintiff to substantiate her claim of poverty in connection with an award of attorneys' fees and costs that was entered against her. (Dkt. #622). Plaintiff subsequently did so in several sealed *ex parte* filings. (Dkt. #631, 632, 637, 645, 651, 665, 666).

that it be 'guided by sound legal principle.'" *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins* v. *Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)).  The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).  The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts."  *Id.* at 61.

The Court has reviewed the extensive docket in this case to assess the propriety of renewing Plaintiff's request for pro bono counsel and concludes that her request is valid.  Defendant's counterclaim alleges that while serving as Defendant's attorney in connection with negotiations over the revival of the musical *Man of La Mancha*, Plaintiff breached her fiduciary duty by simultaneously entering into a business agreement with Defendant concerning the same project.  This counterclaim has survived two rounds of dispositive motion practice and is now set to proceed to a bench trial on June 7, 2022.  Given the complex issues implicated by Defendant's counterclaim, the facial legitimacy of Plaintiff's defense to the counterclaim, and the recent withdrawal of Plaintiff's counsel, the Court believes that, in this case "appointment of

2

counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 62.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the purpose of trying the remaining counterclaim in this case.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  Nevertheless, this litigation will progress at a normal pace.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case *pro se*.  The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order. pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     April 27, 2022
           New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge