UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBYN ABRAHAM,

                Plaintiff,

         -v.-

ABBY LEIGH, *in her Individual Capacity, as Executrix of the Estate of Mitch Leigh, and as Trustee for The Viola Fund and Abby Leigh Ltd.*,

                Defendant.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On June 1, 2022, the Court granted Ms. Abraham's motion to disqualify Nicole Hyland as Defendant's substitute expert witness, without prejudice to a renewed opposition from Defendant. (Dkt. #705). Since then, Defendant has renewed her opposition to Ms. Abraham's disqualification motion (Dkt. #707-711) and filed a supplemental declaration (Dkt. #714). On June 5, 2022, Ms. Abraham filed a supplemental submission in further support of her motion to disqualify Ms. Hyland. (Dkt. #716). Two days later, Ms. Abraham filed an additional request to present her own expert witness at the upcoming trial. (Dkt. #718). For the reasons discussed below, the Court will permit Ms. Hyland to testify as Defendant's substitute witness at trial and denies Ms. Abraham's request to offer her own expert witness.

    In two previous Orders, the Court acknowledged that Ronald Minkoff, a partner at Frankfurt Kurnit Klein & Selz and colleague of Ms. Hyland's, may have gleaned Ms. Abraham's confidential information when Ms. Abraham

reached out to Mr. Minkoff for a legal consultation concerning this matter in October 2020. (Dkt. #705, 715). Because the Frankfurt firm did not implement any measures to screen Mr. Minkoff from other attorneys at the firm until after Ms. Abraham filed her disqualification motion on May 29, 2022, the Court initially harbored concerns that Mr. Minkoff may have divulged confidential information to Ms. Hyland during their conversations about this case. (Dkt. #715). In the Court's view, Mr. Minkoff's supplemental declaration of June 3, 2022, eliminates this concern. (Dkt. #714 ("Minkoff Suppl. Decl.")).

Mr. Minkoff represents that, prior to the implementation of an ethical screen, he had one substantive exchange with Ms. Hyland concerning this case. The Court is convinced that this exchange did not implicate any of Ms. Abraham's confidential information. By way of relevant background, on May 18, 2022, defense counsel contacted Mr. Minkoff about serving as a substitute expert witness in this case, due to Defendant's previously designated expert, Lawrence Fox, being medically unable to testify. (Minkoff Suppl. Decl. ¶ 3). Due to a scheduling conflict that prevented Mr. Minkoff from testifying on the scheduled date of trial, Mr. Minkoff sent an email to the firm's professional responsibility group to see who would be available in his stead. (*Id.* at ¶ 4). That same day, Ms. Hyland responded to indicate her availability, after which Mr. Minkoff and Ms. Hyland had a telephone conversation concerning the logistics of the firm's involvement in this case. (*Id.*). Mr. Minkoff underscores that that they did not discuss the merits of the case at this time. (*Id.*). Later that day, Mr. Minkoff received Mr. Fox's expert report from defense counsel,

which report he transmitted to Ms. Hyland via email. (*Id.* at ¶ 5). In this correspondence, Mr. Minkoff communicated to Ms. Hyland that based on his initial read of the report, Mr. Fox's opinion seemed correct. (*Id.*). Ms. Hyland followed up to say that she was withholding judgment until she could review the underlying documents and asked if Mr. Minkoff could determine (i) whether the trial was scheduled to proceed in person; (ii) if Ms. Abraham had been deposed; and (iii) if there was an opposing expert. (*Id.*).

Mr. Minkoff represents that this May 18, 2022 email exchange was the only time that he and Ms. Hyland even remotely discussed the substance of this case. (Minkoff Suppl. Decl. ¶ 6). Further, any substance that was discussed was restricted to the contents of Mr. Fox's report, which itself does not contain *any* confidential information. (*Id.*). Given the nature of this exchange, the Court is persuaded that Ms. Hyland has not come into possession of any of Ms. Abraham's confidential information. Accordingly, the Court sees no basis to disqualify Ms. Hyland from serving as Defendant's substitute expert in this case.

The Court pauses here to address Mrs. Abraham's additional argument that Ms. Hyland should be precluded from testifying because she was not timely noticed and has not submitted her own expert report and disclosures. (Dkt. #716 at ¶¶ 20-23). This argument is without merit. Ms. Hyland has been offered as a substitute expert for Mr. Fox, who was timely disclosed and whose

expert report was timely served.[1] Ms. Hyland's involvement in the case has been occasioned by the sudden and unexpected unavailability of Mr. Fox, whose opinions and report she will be adopting. Courts within this Circuit have permitted the substitution of an expert in similar circumstances. *See, e.g., Pacific Controls Inc.* v. *Cummins Inc.*, No. 19 Civ. 3428 (MKV) (BCM), 2021 WL 5417122 (S.D.N.Y. Nov. 19, 2021) (finding good cause to substitute expert where original expert was medically unavailable to testify and the substitute expert's testimony was confined to original expert's opinions); *see also Nature's Plus A/S* v. *Nat. Organics, Inc.*, No. 09 Civ. 4256 (ADS) (AKT), 2014 WL 12964552, at *3 (E.D.N.Y. Oct. 29, 2014) ("Courts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert witness unavailable to testify at trial."). Here, Ms. Hyland is merely stepping into the shoes of Defendant's timely-disclosed expert and her testimony will be restricted to the contents of the expert report that was produced years earlier. In these circumstances, it is entirely appropriate for Ms. Hyland to substitute in as Defendant's expert witness.

Finally, Ms. Abraham has moved for leave to offer her own expert witness at trial. (Dkt. #716, 721). This application is denied. Expert discovery on Defendant's counterclaim closed more than two years ago, on October 16, 2019, and the Court previously denied Ms. Abraham's request to extend this deadline. (Dkt. #333). Moreover, while Ms. Abraham is currently proceeding

---

[1] Mr. Fox was first disclosed as Defendant's expert on February 19, 2019, and his expert report was served on July 22, 2019. (Dkt. #333).

4

*pro se,* she was represented by counsel from May 2021 until April 2022. At no time during this representation did Ms. Abraham renew her request to retain an expert witness for trial. Under these circumstances, the Court will not permit Ms. Abraham to introduce an expert on the eve of trial, which would be highly prejudicial to Defendant.

The Clerk of Court is directed to terminate the pending motion at docket entry 716.

SO ORDERED.

Dated: June 8, 2022
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge