UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBYN ABRAHAM,

                Plaintiff,

                -v.-

ABBY LEIGH, *in her Individual Capacity, as Executrix of the Estate of Mitch Leigh, and as Trustee for The Viola Fund and Abby Leigh Ltd.*,

                Defendant.

17 Civ. 5429 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

       The Court is in receipt of two self-styled emergency motions from Plaintiff and Counter-Claim Defendant Robyn Abraham, seeking adjournment of the Court's one-day bench trial in this case set for tomorrow, December 6, 2022. (Dkt. #737, 738).[1] These motions follow Ms. Abraham's letter of December 2, 2022, which letter was sent to the Court at 11:45 p.m., and which also requested adjournment of the trial date and raising similar points. (Dkt. #735). On December 3, 2022, the Court denied Ms. Abraham's request for an adjournment, and notified the parties by sending an Order to that effect via email. For substantially the same reasons, the Court DENIES Ms. Abraham's latest motions to adjourn.

---

[1] The first of Ms. Abraham's motions is a motion for adjournment, while the second is both a motion to terminate her counsel of record, Joshua A. Douglass, Esq., and a motion for adjournment. (Dkt. #737, 738). The Court has not yet heard from Mr. Douglass, but recognizes the time-sensitivity of the two motions. Accordingly, it will address the adjournment requests, and hold in abeyance the request for termination of counsel.

As noted time and time again, and as is evident from the docket in this case, the Court has faced tremendous difficulties scheduling the one-day bench trial in this case, due to Ms. Abraham. Indeed, on July 26, 2022, the Court entered an Order, noting that in the prior two months alone, the Court had adjourned two trial dates. (Dkt. #727). In that Order, the Court adjourned the bench trial to September 9, 2022. (*Id.*). Just over one week before that new trial date, attorney Joshua Douglass filed a notice of appearance on behalf of Ms. Abraham (Dkt. #738), which appearance was then followed by a request from Mr. Douglass to adjourn the September 9, 2022 trial date because Mr. Douglass had only been recently retained and because of Ms. Abraham's proffered medical conditions. (Dkt. #729; *see also* Dkt. #731 (requesting the same, in response to Counter-Claim Plaintiff's opposition)). On September 2, 2022, the Court ordered the parties to meet and confer in response to Mr. Douglass's request (Dkt. #732), and then adjourned the trial to its current date of December 6, 2022, by Order dated September 9, 2022 (Dkt. #734).

With particular respect to Ms. Abraham's representations about her health and a "no fly order," it appears that Ms. Abraham was well-aware of her medical status prior to December 2, 2022. Indeed, as noted above, the Court previously adjourned this trial for the same reason months ago, and Ms. Abraham could have made accommodations to allow for her appearance any time during the ensuing months. Further, as the Court discussed in its Order of December 3, 2022, the Court does not believe that a one-day bench trial will substantially impair Ms. Abraham's caretaking duties of her mother. If Ms.

Abraham is indeed prohibited from flying to New York for this trial, the Court will provide her the accommodation of appearing virtually (*i.e.*, by Microsoft Teams).

Ms. Abraham has also sought an adjournment based on alleged misconduct and an inability to communicate with Mr. Douglass.  As is clear from the Court's recitation of the recent procedural history of this case, Ms. Abraham's representations are at odds with the docket in this case.  For example, Ms. Abraham states that Mr. Douglass has "refused to prepare for trial, refused to prepare any substantive work product since receiving Plaintiff's [f]ive [f]igure retainer last August, refused to communicate, refused to file any substantive pleadings[,]" and so on.  (Dkt. #738 at 2; *see also id.* at 10 (noting that Mr. Douglass has failed to respond to over 150 communications since August 2022)).  However, Mr. Douglass was in communication with the Court about Ms. Abraham's case on August 31, 2022 (Dkt. #729), then again on September 2, 2022 (Dkt. #731), and again on September 8, 2022 (Dkt. #733 (noting that "Ms. Abraham would not be prepared to fully engage on this in November and would solely be permitted by doctors' order to *possibly* testify remotely" at that time (emphasis in original))).  Thus, it appears that Mr. Douglass and Ms. Abraham were in communication with one another at least through early September.

In any event, even crediting Ms. Abraham's allegations about lack of communication and Mr. Douglass's disciplinary issues, Ms. Abraham was aware of these issues for weeks, if not months, before her eleventh-hour

3

requests. Ms. Abraham notes that she has not been able to communicate with Mr. Douglass since August (Dkt. #738 at 2), and sent him a letter by certified mail on November 23, 2022, requesting that he "immediately notice the Court … that [he is] unable to proceed on December 6, 2022" (*id.* at 18). Ms. Abraham has once again proven beyond dilatory in communicating issues related to the trial in this case to the Court, and only provided notice at the last possible moment. Prior to Mr. Douglass's appearance in this case, Ms. Abraham was prepared to appear for trial *pro se* on multiple occasions. As such, the Court sees no reason to delay trial again when Ms. Abraham is capable of proceeding in her own capacity.

Accordingly, Ms. Abraham's December 5, 2022 motions are **DENIED**. The parties shall be prepared for the one-day bench trial in this case on **December 6, 2022**. If Ms. Abraham wishes to appear virtually rather than in person, instructions to video participants will be sent via email in advance of the trial. The Clerk of Court is directed to terminate the pending motions at docket entries 737 and 738.

SO ORDERED.

Dated:  December 5, 2022
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge