UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBYN ABRAHAM,

            Plaintiff,

            -v.-

ABBY LEIGH, *in her Individual Capacity, as Executrix of the Estate of Mitch Leigh, and as Trustee for The Viola Fund and Abby Leigh Ltd.*,

            Defendant.

17 Civ. 5429 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

      The Court has received several letters and motions from Plaintiff seeking to terminate her counsel of record, Joshua Douglass, from this case. (Dkt. #735, 737-738, 742, 744). On December 12, 2022, the Court ordered Mr. Douglass to respond to Plaintiff's representations and to clarify whether his relationship with his client is reparable and whether he is asserting any liens in connection with his work on this case. (Dkt. #743). Mr. Douglass failed to respond to this initial Order, and the Court again ordered him to submit a response on December 15, 2022. (Dkt. #745). On December 18, 2022, Mr. Douglass submitted a brief *ex parte* response, indicating that his relationship with his client is beyond repair and that he is not asserting a lien for his work in this case. (Dkt. #752). Mr. Douglass also asserts that he has filed a New York State Supreme Court case on behalf of Plaintiff, for which he has received no compensation. (*Id.*). Mr. Douglass notes that he accepts termination of his services in this case. (*Id.*).

In light of Mr. Douglass's response, the Court grants Plaintiff's request to terminate Mr. Douglass as her counsel of record. In Plaintiff's third declaration in support of termination of Joshua Douglass as counsel of record, Plaintiff seeks an order from the Court (i) terminating Mr. Douglass from this case; (ii) compelling Mr. Douglass to repay Plaintiff's retainer; and (iii) granting Plaintiff a reasonable adjournment of the trial in this case to retain substitute counsel. (Dkt. #744 at 3). The Court will not order Mr. Douglass to repay Plaintiff's retainer in this case, as this matter is a private dispute beyond this Court's involvement in the instant case. Moreover, as noted in Mr. Douglass's *ex parte* submission, there are other outstanding fee-related issues between Mr. Douglass and Plaintiff in other cases. The Court will separately work with the parties to schedule a trial date that is convenient for the parties and the Court's schedule.

Accordingly, the Clerk of Court is directed to terminate Joshua Douglass from the docket in this case.

SO ORDERED.

Dated: December 19, 2022
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge