UNITED STATES DISTRICT COURT SOUTHERN

DISTRICT OF NEW YORK

ROBYN ABRAHAM

Plaintiff                                                          Case No. 17-cv-5429 (KPF)

v.

ABBY LEIGH., et al.,

Defendants

**MEMO ENDORSED**

### Plaintiff/Counter-Defendants's Motion for New Jury Trial Dates Following Plaintiff's May 2, 2023 Beverly Hills Cedars Sinai Hospitalization

Comes Now Plaintiff/Counter-Defendant Robyn Abraham, who was diagnosed as COVID positive in Los Angeles on April 29, 2023, who was hospitalized at Beverly Hills Cedars Sinai Hospital on May 2, 2023 and which timely filed Notice of Unavailability and Motion for Continuance of May 2, 2023 duly were filed Both with this Court and simultaneously filed with Florida Circuit Judge Michael Kaplan in the most recent SECOND SET of unrelated synchronized coast to coast Tag Team cases.  In support of her Motion for NYSD New Jury Trial Dates in this case, Plaintiff/Counter Defendant states as follows:

1. NYSD court records filed by the New York office of Arnold and Porter and the similarly prestigious London Schillings Law firm confirm Plaintiff successfully closed this $250 Million dollar contract, upon which this NYSD breach of contract lawsuit is based.

2. **As confirmed by court record in this NYSD case, Two (2) of the Three (3) multimillionaire serial Defendants settled in Plaintiff's favor. Former Defendant Alan S. Honig provided his filed Declaration that serial Defendant Leigh committed fraud against Plaintiff in this case.**

3. Rather than pay Plaintiff the damages resulting from Defendants' breach of contracted

fully performed services, as has been Defendants' documented systemic vexatious litigation pattern and practice for decades in numerous prior similar breach of contract cases, multimillionaire serial Defendants have engaged in scorched earth vexatious coast to coast attacks against Plaintiff, including but not limited to filing a fabricated 'breach of fiduciary duty' counterclaim against Plaintiff on an alleged attorney/client retainer agreement which Plaintiff's former Arnold and Porter attorneys confirmed does not now, and never has existed.

4. Multimillionaire serial Defendants and their accomplices reportedly have engineered coast to coast repeated vexatious SLAPP attacks against Plaintiff.

5. This is the Second (2nd) SET of Recent Nationally Synchronized TAG TEAM lawsuits in which proximate hearing dates and times were synchronized, this time in Florida and New York.

6. Just months ago, the prior SET of Nationally Synchronized TAG TEAM SLAPP lawsuits against Plaintiff/Counter-Defendant with proximate hearing dates and times in yet another unrelated case were engineered and synchronized in California and New York.

7. With regard to the California/New York prior TAG TEAM SLAPP case and as confirmed by court records in both this NYSD case and the completely unrelated California Superior Court case, this Court engaged in numerous highly questionable ex parte judicial communications with California Superior Court Judge Sepe-Weisenfeld.

8. Similarly, even more highly questionable ex parte judicial communications by this Court have been reported in an unrelated Florida Guardianship/Probate case regarding Plaintiff's mother.

9. These incessant unprovoked incessant attacks were designed to and intentionally have damaged Plaintiff's health.

10. As confirmed by NYSD and Florida Circuit Court records, Plaintiff/Counter-Defendant timely filed Notices of Unavailability and Motions for Continuances due to her COVID Positive diagnosis and hospitalization in both unrelated, yet somehow synchronized Florida and New York cases.

11. With consideration of the prior continuances Granted in the Florida case, Florida Circuit Judge Michael Kaplan promptly continued the Florida Circuit case from May 2023 to July 2023.

12. However, notwithstanding receipt of the same COVID Positive information provided to Judge Kaplan pursuant to which Judge Kaplan provided a July 2023 continuance date, and notwithstanding this Court's receipt of Plaintiff/Counter-Defendant's Motion for a Reasonable 30 Day Continuance, this Court Denied Plaintiff's Motion for Continuance and To Date, Has Declined to Provide any New Trial Date.

13. Rather, the Court ordered Plaintiff/Counter Defendant appear remotely from her Beverly Hills Cedars Sinai Hospital bed and participate in a Bench Trial in which Plaintiff's video technology was confirmed to be inoperable.

14. When Plaintiff reported to the Court that the video technology was inoperable precluding her to see or meaningfully participate in the trial proceedings and that Plaintiff medically was required to undergo immediate hospital tests while hospitalized, the Court immediately issued an Order to Show Cause against Plaintiff-CounterDefendant.

15. Notwithstanding Plaintiff/Counter-Defendant's good faith Motion to Continue and Request for New Proposed JURY Trial Dates in this Court, no New Trial Dates have been provided.

16. Given that Jury Trial Demands for the Claim and Counterclaim timely were filed in this case with money damages plead by Defendant Leigh, Plaintiff/Counter-Defendant is requesting a New JURY Trial Date rather than a Bench Trial in this case.

17. This Motion for New Jury Trial Dates is filed in Good Faith.

WHEREFORE Plaintiff/Counter-Defendant respectfully Moves the Court for provision of New Jury Trial Dates, consistent with the Jury Trial Demands filed in this case.

Dated: May 19, 2023  
City/State: Beverly Hills, CA

                                       /s/ Robyn Abraham, Esq.  
                              Plaintiff/Counter Defendant Pro Se  
                                 Office: 310.887.1400

**CERTIFICATE OF SERVICE**

I Hereby Certify that a true and correct copy of this Motion for New Jury Trial Dates has been served on the Court and Counsel of Record via ECF as of the date stated above.

/s/ Robyn Abraham, Esq.
Plaintiff/Counter Defendant Pro Se

Office: 310.887.1400

```
Application DENIED.  The Court will not address the majority of the factual
allegations in Ms. Abraham's above motion.  (See Dkt. #774).  The Court has
not set a new trial date in this case because Ms. Abraham is presently
required to respond to the Court's order to show cause by May 23, 2023.  (Dkt.
#760).  To the extent Plaintiff seeks a jury trial on the only remaining
counterclaim, the Court has already denied Plaintiff's request to this effect
two years ago and held that the counterclaim would be heard through a bench
trial.  (Dkt. #657 (July 12, 2021 Order)).

This Order does not affect Ms. Abraham's obligation to respond to the order to
show cause by May 23, 2023.

The Clerk of Court is directed to terminate the pending motion at docket entry
775.

Dated:     May 19, 2023                SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE