**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBYN ABRAHAM,

                Plaintiff,

                -against-

ABBY LEIGH in her individual capacity and as
Executrix of the ESTATE OF MITCH LEIGH, THE
VIOLA FUND, ABBY LEIGH LTD

                Defendant.

Case No. 17-cv-5429 (KPF)

### PLAINTIFF/COUNTER DEFENDANT'S FOURTH (4TH) VERIFIED MOTION TO DISQUALIFY[1] THE HONORABLE KATHERINE POLK FAILLA DUE TO DEPRIVATION OF PLAINTIFF'S FOURTEENTH AMENDMENT AND DUE PROCESS RIGHTS IN WHICH TWO RECENT COURT ORDERS PROHIBIT PLAINTIFF FROM FILING NECESSARY EVIDENCE

**Introduction**

       This is a case of First Impression in which the Court's May 2, 2023 response to

Plaintiff's documented COVID Positive Diagnosis and contemporaneous confirmed May 2,

2023 emergency hospitalization at Cedars Sinai Hospital in Beverly Hills resulted in the

same day issuance of the Court's May 2, 2023 Order To Show Cause against Plaintiff[2].

---

[1] Two (2) of Plaintiff's prior Verified Motions to Disqualify predicated upon documented extortion of Plaintiff's partial settlement funds by a Washington DC political lobbyist have been Sealed by the Court.

[2] Notwithstanding the fact that **Two (2) of the Three (3) Defendants settled in favor of Plaintiff Abraham** and the Court's receipt of the filed Declaration by former Defendant Alan Honig that sole remaining Defendant Leigh committed fraud against Plaintiff/Counter Defendant Abraham in this case, the Court has issued **Four (4)** highly questionable Orders to Show Cause Against Plaintiff. **The First Order to Show Cause** required Plaintiff to pay Five Figure Court Reporter bills which Plaintiff never received prior to the Court's issuance of the First Order to Show Cause. These alleged Five Figure court reporter bills were not previously served, mailed or faxed to Plaintiff's longtime

Following the issuance of the Court's May 2, 2023 Order, the Court issued Two (2) subsequent Orders prohibiting Plaintiff/Counter Defendant from presenting any and all necessary rebuttal evidence to defend and refute the false claims presented by serial vexatious litigant Defendant/Counter Plaintiff Leigh. Such Orders constitute unequivocal deprivation of Plaintiff's constitutional Fourteenth Amendment and Due Process rights.

On June 29, 2023, the Court issued Dkt. 793 specifically prohibiting Plaintiff from filing any rebuttal exhibits in her Sur-Reply. Whilst Plaintiff/Counter-Defendant filed her timely Motion to File Additional Exhibits Dkt. 794, stating she had not received medical records necessary to defend this Fourth (4th) Order to Show Cause ordered in response to Plaintiff's hospitalization, on July 21, 2023, the Court issued Dkt. 795, again prohibiting Plaintiff from filing additional rebuttal evidence necessary to defend serial vexatious Defendant Leigh's false claims against her.

## COURT RECORD FACTS RESULTING IN PLAINTIFF'S MAY 2, 2023 EMERGENCY CEDARS SINAI BEVERLY HILLS HOSPITALIZATION

As confirmed by Court record evidence in this case and reported in the Two separate unrelated California and Florida state cases in which this Court engaged in highly questionable ex parte communications with state judges regarding Plaintiff, per **Exhibit C** provided by the Court's prior law clerk Alexander Perry, this Court emailed and telephoned California Superior Judge Sepe-Weisenfeld regarding an unrelated real estate case pertaining to Plaintiff.

The result of this Court's ex parte judicial communications with California Superior

---

Beverly Hills professional office address prominently listed on the New York Bar Court Administration Website.

Per **The Second and The Third Orders to Show Cause**, this Court ordered Plaintiff to dismiss a well-documented Washington DC Bar Complaint confirming extortion of Plaintiff's partial settlement funds by a Washington DC political lobbyist, which Bar Complaint against this Washington DC lobbyist specifically was recommended each by New York Bar Ethics Counsel and by the Washington DC Bar Ethics counsel. **(Exhibits A and B)**

2

Judge Sepe-Weisenfeld resulted in Plaintiff's wrongful eviction from her fully paid approximate Ten (10) year Beverly Hills rental - contrary to law and facts.

Weeks after the California court ordered eviction of Plaintiff from her fully paid Beverly Hills California rental following the Court's ex parte discussions with California Superior Court Judge Sepe-Weisenfel, the Court reportedly engaged in similar highly ex parte judicial communications, this time with Broward County Florida Circuit Judge Nicholas Lopane, the presiding judge of the Florida Guardianship of Plaintiff's mother Joyce Olshen Abraham. **(Exhibit D)**.

**Neither the California nor the Florida state cases have any nexus in law or facts to Plaintiff's $250 Million NYSD Breach of Contract case, filed on Plaintiff's behalf by her former Arnold and Porter New York counsel.**

At all material times hereto, the Court had received filed actual notice that Plaintiff was the sole and longtime devoted caretaker of her mother Joyce Olshen Abraham. The result of this Court's similarly questionable ex parte judicial communications with Broward Circuit Guardianship Judge Lopane resulted in the court ordered termination of her formerly fully physically functional mother's necessary health care, which resulted in Joyce Olshen Abraham's unnecessary recent death.

Just as Plaintiff was evicted from her long term fully paid Beverly Hills rental without cause, absent due process and with no evidentiary hearing, following this Court's reported ex parte discussions with Florida Circuit Judge Lopane Plaintiff similarly immediately was evicted from the home in which she devotedly cared for her Mother for more Ten (10) years.

*While Broward, Florida Judge Lopane Disqualified himself on May 9, 2023 following the questionable reported ex parte communications with this Court, this Court Denied Plaintiff's Motion to Disqualify, based upon the same set of facts.*

For more than One (1) year since the Court engaged in prior ex parte communications with California Superior Court Judge Sepe-Weisenfeld regarding the unrelated California real estate case resulting in Plaintiff's wrongful eviction, this Court has been made aware of and received California medical documentation that Plaintiff suffers from a serious congenital heart defect which condition is exacerbated by stress and illness.

Notwithstanding receipt of this information, and having engaged in highly questionable ex parte communications with California Superior Court Judge Sepe-Weisenfeld resulting in Plaintiff's wrongful California eviction, and then reportedly engaging in similarly questionable ex parte communications with Broward Circuit Guardianship Judge Lopane regarding the unrelated Guardianship matters pertaining to Plaintiff's mother Joyce Abraham, Joyce Abraham intentionally was deprived of her necessary life saving medical care, the result of which deprivation of medical care caused Joyce Abraham's unnecessary death. Following these reported New York/Florida ex parte judicial discussions, just as Plaintiff was evicted from Plaintiff's fully paid Ten year rental without cause, Plaintiff immediately and without due process was evicted from the Florida home where she devotedly served as her Mother's long term caretaker.

As confirmed by Court record evidence provided to this Court, Plaintiff was confirmed Covid Positive days after flying back to Los Angeles from the April 22-April 23 Las Vegas Jeff German IRE.org investigative journalism conference.

In good faith, Plaintiff/Counter Defendant timely has provided all available evidence in response to the Court's Order to Show Cause for being hospitalized in Cedars Sinai Beverly Hills Hospital on May 2, 2023. Contrary to constitutional Fourteenth Amendment and Due Process requirements, this Court has prohibited Plaintiff/Counter Defendant from presenting evidence necessary to her defense.

4

## Applicable Federal Judicial Disqualification Law

Federal US Code 28 USC 144 and 28 USC 455 mandates judicial disqualification in situations in which the Court's impartiality might reasonably be questioned. **(b)** He/she shall also disqualify himself in the following circumstances, where he has a personal bias or prejudice concerning a party.

Given that the Court has engaged in a series of highly questionable and unprovoked escalating judicial attacks against Plaintiff – including engaging in reported ex parte judicial discussions with two (2) separate state judges in unrelated cases – resulting in the premeditated felony murder of Plaintiff's mother Joyce Olshen Abraham, which murder specifically was threatened and in fact executed in this $250 Million breach of contract case, Plaintiff fears she will not receive a fair trial due to the Court's repeatedly documented prejudice against Plaintiff/Counter Defendant.

## Deprivation of Plaintiff/Counter Defendant's Fourteenth Amendment Rights and Due Process Access to Courts By the Court's Prohibition of Plaintiff's Rebuttal Evidence

Per Court Order **Docket Numbers 793 and 795**, the Court has Ordered the *prohibition* of Plaintiff /Counter Defendant presenting necessary rebuttal evidence essential to Plaintiff's defense. While Plaintiff has presented all available evidence at the time of filing her Response to Order to Show Cause for her hospitalization, as a matter of constitutional law, Plaintiff should not be precluded from supplementing additional evidence necessary for Justice. Presentation of evidence is essential to the administration of Justice.

## Applicable Legal Standard

The US Supreme Court case of *Turner v. Rogers* 131 S. Ct. 2507 (2011) defines  meaningful access to  the Courts. There the US Supreme Court stated that a litigant does not have meaningful access to the courts if all he can do is file initial papers or walk into the courthouse door. Rather, the Court held, for a litigant to have meaningful access, he must be able to identify the central issues in the case and present evidence and arguments regarding those issues.

*Here, Plaintiff/Counter Defendant is Precluded from meaningful access to Courts because*

1) Plaintiff had been diagnosed as COVID positive following a conference and flight days prior to the May 2, 2023 Bench Trial. The Court has been provided with this COVID confirmation.

2) Plaintiff was hospitalized on standing doctor recommendation because she was very ill and suffers from a confirmed serious congenital heart defect exacerbated by stress and illness;

**3)** The Court provided videotechnology for Plaintiff to participate in May 2, 2023 Court Proceedings **was Inoperable and Immediately Confirmed to Be Inoperable both by Plaintiff/Counter Defendant and by Cedars Sinai Hospital staff attempting to medically treat Plaintiff who was hospitalized;**

4)  Plaintiff/Counter Defendant was precluded from meaningful access to court because she was Denied the ability to identify the central issues in the case, Denied her 14th Amendment Rights, Denied Due Process and Denied the constitutional right to  present evidence and arguments regarding those issues at trial.

5) Plaintiff/Counter Defendant in good faith has provided all available documentation and has offered to provide additional information within a reasonable time. The Court Twice has Denied

6

Plaintiff's Motion to Present Necessary Rebuttal Evidence.

## CONCLUSION

**WHERFORE** based upon the Arguments and Exhibits Provided Herein and Based Upon and In Furtherance of All Arguments and Exhibits Previously Filed in Plaintiff's Prior Three (3) Verified Motions for Disqualification, due to the documented and escalating judicial prejudice solely leveled against Plaintiff/Counter Defendant including but not limited to the Court's Twice Ordered Prohibition against Plaintiff/Counter Defendant filing Rebuttal Evidence, Plaintiff/Counter Defendant respectfully Moves this Court to Immediately Disqualify Herself in this Case.

July 24, 2023

Respectfully,
/s/Robyn Abraham
INTERNATIONAL CAPITAL
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
310.887.1400

**DECLARATION OF ROBYN ABRAHAM IN SUPPORT OF FOURTH MOTION TO DISQUALIFY THE HONORABLE KATHERINE POLK FAILLA**

1. My name is Robyn Abraham.

2. I am the Plaintiff/Counter Defendant in this case and successfully closed the business contract at issue in this case.

3. I am over the age of eighteen (18) years old.

4. I have personal knowledge of the facts set forth herein.

5. Based upon the facts and exhibits contained in my Fourth (4th) Verified Motion to Disqualify Judge Katherine Polk Failla and the facts and exhibits contained in all Three (3) Verified Prior Motions to Disqualify Judge Failla, I believe that Judge Failla is prejudiced against me and that I have not and will not receive a fair trial.

6. As confirmed by court record evidence in this case and reported in unrelated California and Florida cases, Judge Failla engaged in highly questionable ex parte communications with state judges. Neither of these Florida or California cases have any factual or legal relationship to this NYSD 17-05429 case.

7. The result of this Court's reported ex parte communications with California Superior Judge Sepe-Weisenfeld was that I was wrongfully evicted from my fully paid approximate Ten Year Beverly Hills California rental, contrary to law and facts.

8. The results of this Court's reported ex parte communications with Florida Guardianship Judge Nicholas Lopane was that my Mother Joyce Olshen Abraham whom this Court received actual notice that I devotedly served as my Mother's long term sole caretaker intentionally was deprived of her necessary medical care, resulting in her unnecessary and recent death.

9. Just as I promptly was wrongfully evicted from my Beverly Hills fully paid rental following this Court's documented communications with California Superior Court Judge Sepe-Weisenfeld, following the Court's reported ex parte judicial discussions with Florida Guardianship Judge Lopane, I promptly was evicted from the home I shared with my Mother as her sole caretaker, which immediate eviction was without due process or evidentiary hearing.

10. The premeditated felony murder of my former fully physically functional Mother Joyce Olshen Abraham repeatedly was threatened against me in this $250 Million Arnold and Porter filed Breach of Contract Case.

11.  This Declaration is filed in good faith.

Under penalties of perjury, I declare that I have read the foregoing Declaration and confirm that the facts stated in it are true and correct.

Robyn Abraham, Esq.
Date: July 24, 2023

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion, Declaration and Exhibits

have been served upon Counsel of Record and the Court, as of July 24, 2023.

/s/Robyn Abraham
INTERNATIONAL CAPITAL
Beverly Hills, CA 90210
310.887.1400

# EXHIBIT A



# ATTORNEY ESCROW ACCOUNT
666 Fifth Avenue
20th Floor
New York, NY 10103
Phone (212)880-3800



Thirty One Thousand Six Hundred Ninety D

PAY TO THE
ORDER OF



WASHINGTON, DC 20006

⑆4494⑆    ⑇02100

AKERMAN LLP

G/L ACCOUNT #

# EXHIBIT B

Robyn Abraham <robyn.abraham@gmail.com>

## IMPORTANT: RE: Disciplinary Docket Number 2020-

**Clinton Shaw** <ShawC@dcodc.org>                                    Thu, Mar 26, 2020 at 8:09 AM
To: Robyn Abraham <robyn.abraham@gmail.com>

Ms. Abraham:


I'm certainly willing to offer you an extension in submitting your response given the COVID-19 pandemic and the fact that our office is closed.

I'm not taking or making any phone calls from my private line. This is a privacy issue.


We are not without recourse - we can still communicate via email.


Please let me know how much additional time you need and, if you would please, also let me know the status of your compliance with the Federal Court order attached.


Sincerely,



Clinton R. Shaw Jr.

Assistant Disciplinary Counsel

Office of Disciplinary Counsel

515 Fifth Street, N.W.

Building A, Room 117

Washington, DC 20001

Tel: 202-638-1501



📎 **SDNY Order re DC Grievance.pdf**
256K

# EXHIBIT C

Robyn Abraham <robyn.abraham@gmail.com>

M Gmail

17cv5429, Abraham v. Leigh - Correspondence

**Alexander Perry** <Alexander_Perry@nysd.uscourts.gov>                                    Thu, May 26, 2022 at 10:16 AM
To: Robyn Abraham <robyn.abraham@gmail.com>, "grizzo@cozen.com" <grizzo@cozen.com>, "twise@cozen.com" <twise@cozen.com>

Hello all,

Please see the attached correspondence between Judge Failla and Judge Sepe-Wiesenfeld.

Alexander Perry

Law Clerk to the Honorable Judge Katherine Polk Failla

United States District Court for the Southern District of New York

Chambers: (212) 805-0290

Direct: (212) 805-4571

**3 attachments**

📄 **LSW Email.pdf**
   144K

📄 **17cv5429 Docketed Trial Scheduling Order August 4, 2021.pdf**
   211K

📄 **LSW Email Reply.pdf**
   66K

Katherine Polk Failla

**From:** Judge Lisa Sepe-Wiesenfeld
**Sent:** Tuesday, May 24, 2022 3:47 PM
**To:** Katherine Polk Failla
**Subject:** RE: Abraham v. Leigh, SDNY Docket No. 17 Civ. 5429 (KPF)

**CAUTION - EXTERNAL:**

Got it thanks

**From:** Katherine Polk Failla
**Sent:** Tuesday, May 24, 2022 12:46 PM
**To:** Judge Lisa Sepe-Wiesenfeld
**Subject:** Abraham v. Leigh, SDNY Docket No. 17 Civ. 5429 (KPF)

Thank you, Judge Sepe-Wiesenfeld, for your time this afternoon. I'm attaching the trial scheduling order, and I will let you know if anything develops at our final pretrial conference on Thursday.

Kate Failla

*Katherine Polk Failla, District Judge*
*United States District Court for the Southern District of New York*
*Thurgood Marshall U.S. Courthouse*
*40 Foley Square, Room 2103*
*New York, New York 10007*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Katherine Polk Failla**

| | |
|---|---|
| **From:** | Katherine Polk Failla |
| **Sent:** | Tuesday, May 24, 2022 3:46 PM |
| **To:** | ▮▮▮▮▮▮▮▮▮▮▮ |
| **Subject:** | Abraham v. Leigh, SDNY Docket No. 17 Civ. 5429 (KPF) |
| **Attachments:** | 17cv5429 Docketed Trial Scheduling Order August 4, 2021.pdf |

Thank you, Judge Sepe-Wiesenfeld, for your time this afternoon. I'm attaching the trial scheduling order, and I will let you know if anything develops at our final pretrial conference on Thursday.

Kate Failla

*Katherine Polk Failla, District Judge*
*United States District Court for the Southern District of New York*
*Thurgood Marshall U.S. Courthouse*
*40 Foley Square, Room 2103*
*New York, New York 10007*

# EXHIBIT D

Filing # 175032410 E-Filed 06/09/2023 04:46:54 PM

IN AND FOR BROWARD COUNTY FLORIDA

Case No. PRC220006555
Division: 60 J
Judge: Gillespie

In Re: ESTATE OF

JOYCE OLSHEN ABRAHAM

---

## VERIFIED MOTION TO RECONSIDER PRIOR RULINGS OF DISQUALIFIED PRIOR JUDGE PURSUANT TO FLORIDA R. JUD. ADMIN 2.330 (h) and FLORIDA STATUTE 732.8031

Guardianship Petitioner Florida Attorney Robin Abraham, Esq., daughter and longtime sole caretaker of now deceased formerly fully physically functional Ward Joyce Olshen Abraham, pursuant to FLORIDA R. JUD. ADMIN 2.330 (h) and FLORIDA STATUTE 732.8031 hereby files this *Verified Motion to Reconsider Prior Rulings of Disqualified Judge Nicholas Lopane and in support states as follows:*

1. On May 8, 2023, Petitioner filed a Verified Motion to Disqualify the Honorable Nicholas Lopane.

2. On May 9, Judge Lopane issued his Order of Disqualification, based upon Petitioner's May 8, 2023 Verified Motion. A true and correct copy of this Order is attached hereto as **"Exhibit A"**

3. Petitioner's Verified Motion to Disqualify Judge Lopane is based in significant part upon reported highly questionable ex parte judicial communications by and between Judge Lopane and the Honorable New York Southern District ("NYSD") Judge Katherine Polk Failla regarding factually and legally unrelated New York and Florida cases.

4. Since 2017 when Judge Failla reportedly requested assignment of Petitioner's unrelated NYSD Federal Breach of Contract case, NYSD Judge Failla has presided over the unrelated New York Federal breach of contract case in which Petitioner is Plaintiff.

5. As confirmed by NYSD Federal Court record and California Superior Court record, weeks prior to contacting Florida Guardianship Judge Lopane, Judge Failla previously emailed and telephoned California Superior Court Judge Sepe Weisenfeld regarding yet another unrelated California real estate case involving Petitioner.

6. As the result of NYSD Judge Failla's highly questionable and documented ex parte judicial communications with California Superior Court Judge Sepe-Weisenfeld in the unrelated California real estate case, notwithstanding Petitioner's on time payment of full rent for the approximate Ten

1

(10) year rental, following these documented ex parte NYSD Federal Judge Failla and California Superior Court Judge Sepe-Weisenfeld communications, Petitioner was wrongfully evicted from her approximate Ten (10) year fully paid Beverly Hills, California rental.

7.  Similarly, weeks later and following NYSD Judge Failla's documented highly questionable ex parte judicial communications with California Superior Court Judge Sepe-Weisenfeld resulting in Petitioner's wrongful eviction from her Ten (10) year on time fully paid flat, NYSD Judge Failla engaged in similar highly questionable ex parte judicial discussions in yet another unrelated case, this time regarding the unrelated Florida Guardianship of Petitioner's Mother Joyce Olshen Abraham.

8.  Following NYSD Judge Failla's reported December 2022 highly questionable contact with Judge Lopane, instead of appointing Guardianship Petitioner Attorney Robin Abraham and Joyce Abraham's long time sole caretaker as "Emergency Temporary Guardian" Judge Lopane instead appointed serially investigated Florida Guardian "Monarch Care."

9.  Judge Lopane knew or should have known that serially investigated Florida Guardian Monarch Care repeatedly was under investigation by the Florida Office of Inspector General and was 'under supervision' by Broward Circuit Judge Mark Speiser due to prior alleged abuses of other Wards.

10. Shortly after NYSD Judge Failla's reported and questionable ex parte communications with Florida Guardianship Judge Lopane pursuant to which Monarch Care was appointed as "Emergency Temporary Guardian" and ***absent any evidentiary hearing and in violation of due process, on February 2, 2023 at 7:15pm per Monarch Care's 'Exigent Motion', Judge Lopane issued the scathing factually and legally devoid February 2, 2023 Order against Petitioner ordering Petitioner Immediately evicted by 9 am February 3, 2023 from the home Petitioner shared with her Mother and where Petitioner devotedly cared for her 95 year old Mother as Joyce Abraham's sole caretaker for more than Ten (10) years.***

11. Petitioner's attorney Scott A Weiss who filed a Notice of Appearance on behalf of Petitioner, but as confirmed by court record, worked instead on behalf of "Emergency Temporary Guardian Monarch Care", Portuguese citizen and estranged son Andrew Abraham and their Kings Point criminal accomplices, together with and on behalf of Mr. Weiss's attorney girlfriend Nola Richardson whom Mr. Weiss engineered the court appointment as 'Attorney' for Joyce Abraham, aided and abetted Petitioner's eviction without notice.

12. Simultaneously, Mr. Weiss, Ms. Richardson, estranged Portuguese son Andrew Abraham, "Emergency Temporary Guardian" Monarch Care and Kings Point Condominium Association criminal accomplices together conspired to promptly 'Dispose of' Joyce Abraham to steal Joyce Abraham's home and loot Joyce Abraham and Petitioner's personal property. In furtherance of this criminal scheme and in addition to stealing Joyce Abraham's home and looting Petitioner's and her Mother's personal property, Monarch Care and criminal accomplices Intentionally Denied Joyce Olshen Abraham her necessary, contracted and paid life saving excellent Cleveland Clinic Hospital medical care.

13.    The Intentional Deprivation of former fully physically functional Ward Joyce Olshen Abraham's necessary, lifesaving and long term Cleveland Clinic Hospital ordered medical care Directly Resulted in Joyce Abraham's unnecessary death.

14.    In furtherance of this criminal enterprise, Monarch Care and criminal accomplices expedited Petitioner's eviction from the Ward's residence for the purpose of expeditiously stealing and selling the Ward's home and car and immediately looting all the Ward's and Petitioner's valuables.

15.    Petitioner's Florida Guardianship attorney Mr. Weiss and his court appointed Ward attorney girlfriend Nola Richardson not only aided and abetted Monarch Care's theft of Joyce Abraham's new BMW MiniCooper without Court Order and while the vehicle was parked in Joyce Abraham's parking space in front of her home, Mr. Weiss specifically Ordered Petitioner Not to Call the Police and Not Report Monarch Care's theft of Joyce Abraham's car.

16.    In addition to engineering the calculated theft of Joyce Abraham's new BMW MiniCooper by Monarch Care and criminal accomplices, Petitioner's former Guardianship attorney together with Mr. Weiss's newly court appointed 'Ward attorney' girlfriend Nola Richardson together assisted Monarch Care and estranged Portuguese son Andrew Abraham and Kings Point criminal accomplices steal Petitioner and her Mother's cash,  designer clothes, designer handbags and designer shoes, computers, financial and legal documents, financial and legal documents, jewelry, art, cookware, antiques, personal belongings and family photos, all of which were located in the family home where Petitioner resided with her former fully physically functional 95 year old mother Joyce Olshen Abraham as her Mother's sole caretaker for more than Ten (10) years.

17.    Per the terms of Judge Lopane's February 2, 2023 Order (**"Exhibit B"**), Petitioner, an accomplished international media attorney with no criminal record, no history of any Bar Complaints and no history of any business or professional litigation who devotedly cared for her elderly Mother (and previously devotedly cared for her elderly Father Franklin Abraham for whom Petitioner purchased for Franklin Abraham a Palm Beach lakefront condominium) was evicted without notice, without evidentiary hearing and without most of Petitioner's highly valuable personal belongings.

18.    Pursuant to this 2nd highly questionable Florida Eviction Order against Petitioner judicially engineered just weeks after the similarly judicially engineered and factually devoid California Eviction Order, while joking and laughing with Monarch Care's criminal accomplice Kings Point Condominium Association President Ben Soloway, on February 3, 2023, while Petitioner in good faith was standing at the family residence with home keys in hand, "Emergency Temporary Guardian" Monarch Care 'Guardian Annette Perez called the Broward Sheriff's Office on Monarch Care's behalf and again directly threatened Petitioner with arrest.

19.    Ms. Perez and the Broward Sheriff's Office threatened Petitioner with arrest if Petitioner removed Petitioner's personal property and/or removed her mother's photos and/or Petitioner's family photos, including those of Petitioner's late Father.

20.    Per "Playbook" Ms. Perez previously attempted to arrest Petitioner on January 7 2023 while Petitioner was visiting her Mother in the HCA Woodmont Hospital. Since Petitioner did not violate any Court Order, the Broward Sheriff's Office declined to arrest Petitioner.

21.    Photographs of Ms. Perez standing over a Broward Sheriffs Office vehicle which officers Ms.

3

22.     Perez called and repeatedly demanded Broward County Sheriff Officers arrest Petitioner at the HCA Woodmont Hospital where Petitioner was visiting her Mother, are attached as **"Exhibit C"**.

23.     Moreover, on January 7, 2023, Emergency Temporary Guardian Monarch Care's Ms. Perez advised Petitioner that Monarch Care would facilitate Petitioner's arrest if Petitioner interfered with Monarch Care's 'business', would 'kill your [Petitioner's] Mother and take everything we want' and obtain a Court Order prohibiting Petitioner from every seeing her Mother again.

24.     Per **Exhibit "B"** and the February 15, 2023 Do Not Resuscitate Order on Ward Joyce Olshen Abraham issued After Monarch Care Intentionally Denied Joyce Olshen Abraham her necessary medical care, Judge Lopane issued the Orders specifically threatened by Emergency Temporary Guardian Monarch Care.

25.     **Due to  Monarch Care and criminal accomplices' intentional deprivation of Joyce Olshen Abraham's medical care, Joyce Abraham reportedly died on February 27, 2023.**

26.     **Details of serially investigated Monarch Care's abuses are further provided in Petitioner's Exigent Verified Motion To Immediately Terminate Monarch Care, attached as Exhibit "D".**

27.     Per Monarch Care's Orders as specifically threatened by Ms. Perez, Petitioner and Joyce Abraham's friends, other than the Kings Point criminal accomplices, specifically were prohibited from all contact with Joyce Abraham through and including Joyce Abraham's reported death.

28.     As of today's date, and in direct violation of "Florida Slayer's Statute" §732.8031, Emergency Temporary Guardian Monarch Care, serial con artist estranged Portuguese son Andrew Abraham, Kings Points Condominium criminal accomplices and counsel respectively exponentially have benefitted financially from the premeditated felony murder of formerly fully physically functional 95 year old Ward Joyce Olshen Abraham and the "Playbook" eviction of Petitioner, Joyce Abraham's long time caretaker.

29.     Florida Case Law reflects that even when former Florida Guardians such as Fernando Gutierrez, Dona Moyer and Lynrod Douglas have been Convicted of Guardian abuse, contrary to the Florida Slayer's Statute, they have been financially rewarded for crimes against their Wards.

30.     Compensation to abusive Florida Guardians who intentionally harm their Wards and intentionally Deny Medical Care Resulting in Wards' deaths must stop Now.

## PETIONER MOVES TO VACATE ALL PRIOR ORDERS AS A MATTER OF LAW

**Fla. R. Jud. Admin. 2.330 (h)** provides that prior factual or legal rulings by a Disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration. Rule 2.330 requires the litigant to detail the reasons for the necessity of reconsideration.

**As clearly stated herein, Petitioner has set forth the egregious court record facts of this case.**

Given the Kafkaesque history of this case, including but not limited to the reported highly questionable ex parte judicial communications by and between NYSD Judge Failla and Judge Lopane, it appears that

NYSD Judge Failla's reported communications with Judge Lopane regarding this unrelated case severely prejudiced Judge Lopane and resulted in the Deprivation of Joyce Olshen Abraham's medical care and her unnecessary death.

As a matter of law, ex parte communications are considered highly prejudicial and a clear violation of Due Process, See Menada, Inc. v. Arevalo, 341 So 3d 1189, (3rd DCA 2022) and City of Miami V. Dade Cnty, 346 So. 3rd 1209 (3rd DCA 2022)

Additionally, pursuant to The Florida Slayer's Statute, §732.8031, those who commit crimes against the elderly (including court appointed Guardians), should not be financially rewarded for their criminal actions.

Here, court appointed Emergency Temporary Guardian Monarch Care, which arguably was court appointed following highly questionable ex parte judicial discussions by and between Judge Lopane and NYSD Judge Failla, intentionally Deprived Joyce Abraham of her necessary medical care, which resulted in Joyce Abraham's death. These highly questionable ex parte judicial discussions on unrelated cases also resulted in Petitioner's unnoticed eviction from her home - absent notice, absent due process and absent evidentiary hearing.

Since the foregoing orders are erroneous as a matter of law and the proceedings that gave rise to them were permeated by judicial bias resulting from improper ex parte judicial communications regarding unrelated cases in different states, all Orders issued by the Disqualified Judge must be Vacated.

As confirmed by court record, the Disqualified Judge actively participated in the proceedings and acted as his court appointed Temporary Guardian's and the Defendants' attorney, thereby creating a "lawyer dream team" which violates due process and constitutes grounds for recusal, as well as reversal. See Stockstill v. Stockstill, 770 So. 2d 191, 191 (Fla. 5th DCA 2000)

Florida courts are firmly committed to the proposition that due process guarantee of a fair trial means every litigant is entitled to nothing less than the cold neutrality of an impartial judge. Pistorino v. Ferguson, 386 So 2d 65, 67 (Fla. 3d DCA 1980). See also D.H. ex rel. J.R. v. Dep't of Children & Families, 12 So. 3d 266 (Fla. 1st DCA 2009).

Indeed, even if the orders were simply erroneous as a matter of law (rather than prejudice, though in this case, the two are inextricably woven together) Plaintiff would be entitled to have these orders vacated in the interests of justice and due process. "A final judgment entered by a judge who was later disqualified is, like any other order, subject to being reconsidered by a successor judge. Barber v.MacKenzie, 562 So.2d 755 (Fla. 3d DCA 1990). case, where the proceedings were still ongoing, and it does not appear that anyone will be prejudiced other than by additional legal expenses and some delay, we have concluded that the successor judge should consider the motion to vacate pursuant to rule 2.330(h)." Schlesinger v. Chem.Bank, 707 So.2d 868, 869 (Fla. 4th DCA 1998).

WHEREFORE Plaintiff respectfully requests that this Honorable Court Grant

Reconsideration of all Orders issued by the Prior Disqualified Judge and Vacate All Orders as the

result of undue influence exerted by an out of state federal judge in an unrelated case.

Under penalties of perjury, I declare the foregoing is true to the best of my knowledge and belief.

Respectfully Submitted,

Signed 8 June 2023

＿/s/Robin Abraham＿＿＿

Robin Abraham, Esq./MBA
Florida Bar # 449156

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that** a true and correct copy of the foregoing has been electronically filed with the Clerk of Court via the e-Filing Portal upon all counsel of record and provided to the Court via email as of the date above written.

/s/Robin Abraham, Esq./MBA
Florida Bar # 449156

Office: 310.887.1400

6