UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBYN ABRAHAM,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>ABBY LEIGH, *in her Individual Capacity, as Executrix of the Estate of Mitch Leigh, and as Trustee for The Viola Fund and Abby Leigh Ltd.*,<br><br>                              Defendant. | 17 Civ. 5429 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff's motion to disqualify the Court from this case. (Dkt. #798). This motion — Plaintiff's fourth in this matter — largely reiterates her misstatements of the record in this case and her patently false allegations made in her third motion to disqualify (Dkt. #761-762), all of which the Court considered and rejected in its corresponding order denying that motion to disqualify (Dkt. #774).

Most troublingly, Plaintiff returns to her false and disparaging accusations that the Court participated in *ex parte* discussions with a judge presiding over a separate case involving Plaintiff in Florida state court. As has been previously stated, the Court has had no communication with that judge or with anyone else involved in the Florida case about that case except Plaintiff herself. The Court has exhibited enormous patience in dealing with Plaintiff's repeated and vexatious filings, as well as Plaintiff's impertinent litigation conduct more broadly. However, Plaintiff is advised that her persistence in

pushing this fictitious narrative, including by filing last-minute motions like the present one, risks the imposition of additional sanctions.

New to Plaintiff's fourth motion to disqualify are Plaintiff's objections to the Court's orders (Dkt. #793, 795) informing Plaintiff that the Court will not consider any additional exhibits filed with Plaintiff's reply to the Court's Order to Show Cause.  Plaintiff's relevant request to file additional exhibits (Dkt. #794) was devoid of any specific information as to the content of the exhibits she planned to file, which provided the Court with no reasonable basis to believe that any purported exhibits actually existed.  The Court's heavy skepticism is further supported by Plaintiff's own representation in her request that "Plaintiff has not been able to obtain further information as of this date." (*Id.*).  This comes after prior representations by Plaintiff to this Court that "Plaintiff has provided all that which is available."  (Dkt. #779).

Plaintiff has been given months to locate her medical records and other information that should be accessible to her.  Plaintiff has proffered no legitimate justification as to why she has been unable to locate such information, or why granting more time would bring about a different result.  Plaintiff's admission of her inability to locate such records on the eve of the long-established deadline for Plaintiff's reply provided the Court with no reasonable basis for granting Plaintiff yet another extension or otherwise modifying the Court's prior orders.  The Court has already granted Plaintiff numerous extensions and has been clear with Plaintiff about deadlines and

expectations. (*See, e.g.*, Dkt. #778 (extending Plaintiff's time to respond to the Order to Show Cause)).

At best, Plaintiff's most recent request represented a misguided attempt to invoke generosity of the Court. More realistically — and when read in the context of Plaintiff's prior litigation conduct — Plaintiff's request approached a bad-faith dilatory tactic designed to undermine the proceedings before this Court. (*See, e.g.*, Dkt. #759 ("Plaintiff's delay appears to lead to the inexorable conclusion that Plaintiff intended to bring this motion at the last possible moment, and thus to obtain another trial adjournment.")). Under either view, the Order denying Plaintiff's request to file exhibits was appropriate and does not represent bias or prejudice by the Court.

Accordingly, for the reasons discussed in this Order, the Court DENIES Ms. Abraham's motion to disqualify. The Clerk of Court is directed to terminate the pending motion at docket entry 798. This Order does not affect any other deadlines in the case, and the Court considers its Order to Show Cause (Dkt. #760) to be fully briefed.

SO ORDERED.

Dated: August 1, 2023
New York, New York

KATHERINE POLK FAILLA
United States District Judge