UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Robyn Abraham, Plaintiff/Counter Defendant

vs.                                         Case: 17-05429 (kpf)

Abbie Leigh, Defendant/Counter Plaintiff

MEMO ENDORSED

# PETITIONER'S EMERGENCY MOTION TO VACATE COURT'S DEFAULT ORDER AND CLERK'S DEFAULT PREDICATED UPON PETITIONER'S DOCUMENTED COVID DIAGNOSIS AND PETITIONER'S MAY 2, 2023 DOCUMENTED BEVERLY HILLS CEDARS SINAI HOSPITALIZATION

Plaintiff/Counter Defendant Robyn Abraham in the above-styled and numbered cause files this Emergency Motion to VACATE the Court's Default Order (Dkt 800) and VACATE the Clerk's Default Order (Dkt. 801) Predicated Upon Petitioner's Documented COVID DIAGNOSIS and Petitioner's Documented May 2, 2023 Beverly Hills Cedars Sinai HOSPITALIZATION and in Support States as Follows:

1) On May 1, 2023, Plaintiff/Counter Defendant immediately filed her Emergency Motion to Continue the May trial because Petitioner was confirmed COVID POSITIVE following a recent full flight to Los Angeles (Dkt 757).

2) Petitioner/Counter Defendant's Flight, Hotel and documented COVID POSITIVE diagnosis timely were provided to this Court.

3) Plaintiff/ Counter Defendant duly and timely filed with this Court Notice of Petitioner's Unavailability to appear at New York trial due to documented COVID POSITIVE diagnosis (Dkt 758).

4) The Court immediately Denied Petitioner's Emergency Motion to Continue Trial and ordered Petitioner to appear electronically in the one day New York trial from Los Angeles.

5) The sole witness scheduled against Petitioner for Trial was a partner of the ethically conflicted law firm of Franklin, Kurnit – a law firm which requested and received from Petitioner hundreds of pages of Petitioner's confidential attorney client documents.

1

6) As confirmed by Court record in this case, Plaintiff/Counter Defendant has been undergoing necessary medical care by Parto Cardiology in Los Angeles. Plaintiff/Counter Defendant previously has been hospitalized at Cedars Sinai Hospital in Los Angeles.

7) Pursuant to ongoing and necessary medical care, Petitioner's Los Angeles medical providers advised Petitioner to seek immediate hospitalization whenever necessary.

8) On May 2, 2023, pursuant to extensive confirming medical and hospital documentation contemporaneously provided to the Court, Petitioner was advised to immediately be hospitalized in the Emergency Room at Cedars Sinai Hospital Beverly Hills, California.

9) The Court ordered Petitioner to appear at New York trial on May 2, 2023 via court provided electronic link to the New York May trial.

10) Per Court Order, Petitioner timely attempted to appear by electronic link from her Cedars Sinai Beverly Hills Hospital Bed. As confirmed by Cedars Sinai Hospital staff and Petitioner, *the NYSD court provided link was inoperable*. Petitioner emailed and called the Court's chambers reporting that the NYSD court provided link was inoperable.

11) The Court ordered that Petitioner appear from her hospital bed telephonically (and without video access) – thus precluding Petitioner from meaningful access to Court because Petitioner could not view any trial proceedings.

12) While hospitalized at Cedars Sinai Hospital, Hospital Emergency staff ordered Petitioner to terminate the call with the Court because Petitioner was required to undergo necessary tests and procedures. Petitioner apologized to the Court and opposing counsel and advised of these medical instructions. Petitioner also requested a new trial date.

13) On May 2, 2023 this Court immediately issued an Order To Show Cause Against Petitioner in response to Petitioner's Cedars Sinai Emergency Hospitalization and Ordered Petitioner to provide a List of Items Enumerated in the Court's Order to Show Cause.

14) Petitioner timely responded to the Order to Show Cause with all available documentation, including written confirmation of Petitioner's COVID Positive Diagnosis and written confirmation and documentation of Cedars Sinai Beverly Hills Hospitalization.

15) Since all the Cedars Sinai hospital test results were not yet available on the Court's Required Due Date, Petitioner timely filed a Motion to File Expected Supplemental Hospital Documentation to the Court. (Dkt 794)

16) Just as the Court Previously Denied Plaintiff/Counter Defendant from Presenting any expert witness on her behalf and prohibited Plaintiff/Counter Defendant from testifying

about the contract at issue and Prohibited Plaintiff/Counter Defendant from testifying about the relationship with sole witness (the late) Mitch Leigh re: the only existing business contract which was dictated by, signed by and faxed to Plaintiff by Mr. Leigh, on 7/21/23, similarly the Court **Denied** Petitioner/Counter Defendant the Right to Present the Previously Unavailable Hospitalization Records and Medical Records to the Court. (Dkt. 795).

17) **Petitioner should not have been Prohibited from Presenting Necessary and Previously Unavailable Medical and Hospital Confirmations for In Camera Review pursuant to the Court's July 21, 2023 Order. (Dkt. 795)**

18) **The Court's Continuing Orders Denying Petitioner's Good Faith Motions To Present Necessary Evidence and Requesting a New Trial Date Constitute Due Process violations which give rise to Fundamental Error.**

19) The Court's October 16, 2023 Order (Dkt. 800) and resulting Clerk's Default (Dkt. 801) in response to Petitioner's COVID diagnosis and Petitioner's Emergency Hospitalization at Cedars Sinai Hospital in Beverly Hills should be Vacated as a matter of law as violative of Petitioner's constitutional Due Process rights.

20) Petitioner reserves the right to supplement this Motion with a filed Memorandum.

21) This Motion is filed in Good Faith.

**WHEREFORE** Petitioner/Counter Defendant Robyn Abraham respectfully requests the Court Grant her Emergency Motion to Vacate Her Good Faith Emergency Motion To VACATE the Court's October 16, 2023 Order (Dkt. 800) and resulting Clerk's Default (Dkt. 801) in response to Petitioner's COVID diagnosis and Petitioner's Emergency Hospitalization at Cedars Sinai Hospital in Beverly Hills and Provide New Trial Dates when Petitioner May Appear in Court and Exercise Her Constitutional Due Process Rights.

Dated: November 6, 2023                                    Respectfully Submitted,

Los Angeles, CA                                            /s/ Robyn Abraham, Esq.

### CERTIFICATE OF SERVICE

I Hereby Certify that a True and Correct Copy was served on Counsel of Record via ECF as of November 6, 2023.

/s/ Robyn Abraham, Esq.
310.887.1400

Application DENIED.  Counterclaim Defendant does not cite any authority supporting her self-styled "Emergency Motion to Vacate."  Nor does Counterclaim Defendant demonstrate any entitlement to relief under any of the potentially applicable provisions of Federal or Local Rules, as discussed below.

First, Counterclaim Defendant has not timely filed a notice of motion for reconsideration pursuant to Local Civil Rule 6.3, which Rule requires such notice be served "within fourteen (14) days after the entry of the judgment."  Judgment in this case was entered by the Clerk on October 16, 2023, such that Counterclaim Defendant's deadline was October 30, 2023.

Next, Counterclaim Defendant is not entitled to any alteration or amendment of the Court's judgment under Federal Rule of Civil Procedure 59(e).  To prevail on a motion pursuant to Rule 59(e), a party must demonstrate that the Court overlooked "controlling law or factual matters" that had previously been put before it.  *R.F.M.A.S., Inc.* v. *Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc.* v. *Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

Far from having overlooked the factual matters of Counterclaim Defendant's case, the Court has spent an exorbitant amount of time reviewing Counterclaim Defendant's irrelevant and fabricated documents, and addressing Counterclaim Defendant's bad faith submissions and baseless arguments, all in an attempt to resolve this six-year-old case.  As detailed extensively in this Court's October 16, 2023 Order, Counterclaim Defendant has provided no basis for the Court to believe that Counterclaim Defendant possesses any of the above-referenced medical records, despite the Court having afforded her ample time to obtain and produce them.  (Dkt. #800 ("Oct. 16, 2023 Order") at 5-7, 11-13).  Even in the above motion, Counterclaim Defendant does not actually represent that she is now in possession of these illusory medical records.  Rather, Counterclaim Defendant simply suggests that the records were not available during the window in which Counterclaim Defendant had to respond to the Order to Show Cause, as the \æb\b results åáäÁ^~\Á]æ\Ábeen returnedÈÁÁ

Úå↔bÁ↔bÁ^~}Á\åæÁ\å↔ãäÁ´~^à↠´\↔^&Áexplanation provided by Counterclaim Defendant for why she has not been able to obtain these records.  Recall that first, Counterclaim Defendant explained that she could not obtain her own records due to them having been protected under California and Federal law, an explanation that was demonstrably false.  (*See* Oct. 16, 2023 Order 11-12).  Next, Counterclaim Defendant represented that there were no additional records to produce, which representation Counterclaim Defendant  contradicted in her subsequent emergency motion to disqualify.  (*See id.* at 7-8 (citing Dkt. #799 at 1-2)).  Counterclaim Defendant can do no better in her third version of events, which ultimately returns to the same repetitive arguments on issues that have been exhaustively considered by this Court.  As such, Counterclaim Defendant has not established any claim for relief under Rule 59(e).

By the same token, Counterclaim Defendant is not entitled to relief under Federal Rule of Civil Procedure 60(b)(2), which Rule concerns "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). For one, Counterclaim Defendant has yet to demonstrate that any newly discovered evidence actually exists, making any such Rule 60(b)(2) application a nonstarter. Moreover, Counterclaim Defendant's conduct in this case is hardly a study in reasonable diligence. Rather, and for over two years, Counterclaim Defendant endeavored to delay the one-day bench trial of the last remaining counterclaim in this case, culminating in the events detailed in the Court's May 2, 2023 Order to Show Cause (Dkt. #760) and subsequent October 16, 2023 Order (Dkt. #800). Along the way, Counterclaim Defendant has resorted to the fabrication of documents and making of false statements, both of which actions militate strongly against providing Counterclaim Defendant with any relief from the Court's entry of default judgment. (*See* Oct. 16, 2023 Order 8, 15 n.5, 18-20). Therefore, to the extent that Counterclaim Defendant seeks relief under Rule 60(b)(2), such relief is also denied.

The sideshow that has been Counterclaim Defendant's bad faith conduct in this matter must at some point come to a close. The only remaining submission sought from Counterclaim Defendant is an opposition to the fee petition filed by Counterclaim Plaintiff. (*See* Dkt. #803). Counterclaim Defendant shall file that opposition on or before **November 27, 2023**. If Counterclaim Defendant files any other documents that are frivolous or meritless, the Court may direct Counterclaim Defendant to show cause why she should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the pending motion at docket number 802.

Dated:   November 7, 2023
         New York, New York

SO ORDERED.

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE