UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN ABRAHAM,

Plaintiff,

-v.-

ABBY LEIGH, *in her Individual Capacity, as Executrix of the Estate of Mitch Leigh, and as Trustee for The Viola Fund and Abby Leigh Ltd.*,

Defendant.

17 Civ. 5429 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On July 11, 2026, Plaintiff Robin Abraham moved to unseal multiple docket entries that had been sealed by the Court over the course of this litigation because they contained deeply personal and/or false information about Plaintiff, the parties, their counsel, and others. (Dkt. #821). The Court denied the motion by endorsement dated July 16, 2026, noting in part that Plaintiff had "sought to leverage … personal information to benefit her own position in the case," and that the Court would not permit her to "pollute the record with entirely false allegations against other litigants." (Dkt. #823).[1]

On July 30, 2026, Plaintiff sought reconsideration of the Court's decision denying her motion to seal. (Dkt. #825). A motion to reconsider "will generally be denied unless the moving party can point to controlling decisions or data

[1] After issuing its July 16 Order, the Court learned that Plaintiff had previously challenged the sealing practices of this Court in a petition for certiorari filed with the United States Supreme Court. *Abraham* v. *Leigh*, No. 25M72 (Mar. 26, 2026) (exhibit to motion for leave to file petition for certiorari out of time). The Supreme Court denied Plaintiff's motion for leave in an order issued on May 18, 2026. *Abraham* v. *Leigh*, — S. Ct. —, 2026 WL 1377185 (May 18, 2026).

that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also* Local Civil Rule 6.3. Plaintiff's motion for reconsideration merely restates her arguments for sealing, while amplifying disturbing and/or demonstrably false accusations regarding the litigants, their counsel, the Court, and Plaintiff's family members. Plaintiff's motion for reconsideration is therefore DENIED. The Clerk of Court is DIRECTED to terminate the motion at docket entry 825.

Indeed, it is one of the many ironies of this case that Plaintiff has larded her recent motions with the same allegations that necessitated the sealing of the docket entries in the first instance. While cognizant of the presumption of public access for judicial documents, *see Doe* v. *Dow*, No. 25 Civ. 8735 (JMF), 2026 WL 1213644, at *1 (S.D.N.Y. May 4, 2026) (citing *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Mirlis* v. *Greer*, 952 F.3d 51, 59 (2d Cir. 2020)), the Court cannot stand by idly while Plaintiff continues to trot out these allegations on the public docket. The Court therefore DIRECTS the Clerk of Court to seal the documents at docket entries 821 and 825, making them viewable to the Court and the parties only.

More pointedly, with Plaintiff's appeals now concluded, the Court considers this litigation to be at an end. As such, the Court sees no basis for Plaintiff to now file on the public docket documents replete with personal or false information — particularly when such documents are retreads of prior

unsuccessful filings. Accordingly, the Court cautions Plaintiff that if she attempts to file similar documents going forward, the Court will bar Plaintiff from filing such documents without first obtaining leave from the Court. *See* 28 U.S.C. § 1651.

SO ORDERED.

Dated: August 3, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge